CASE 104—ACTION BY WILLIAM HERNDON AND OTHERS AGAINST WILLIAM
OGG TO RECOVER LAND, INVOLVING THE QUESTION WHETHER A DEED
RECORDED IN THE PROPER OFFICE, BUT NOT INDEXED IS NOTICE TO
AN INNOCENT PURCHASER.—FEB. 9.

# Herndon, &c. v. Ogg.

APPEAL FROM MADISON CIRCUIT COURT—J. M. BENTON, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. AFFIRMED.

DEED—RECORDING—NOTICE—FAILURE TO INDEX RECORD.

1. Kentucky Statutes, 1903, section 500, and preceding sections, rel-
ative to the recording of conveyances, only requires a grantee,
in order to give notice to subsequent purchasers, to present
his deed and have it recorded; and section 513 requires the
county clerk to make and keep an alphabetical cross-index of
conveyances. HELD, that the record of a deed is notice, though
the clerk fails to index it, and the grantee withdraws his deed
without seeing that the proper index has been made.

WM. HERNDON AND LEWIS S. WALKER, ATTORNEYS FOR APPEL-
LANT.

Our contention is that a deed not indexed, although recorded,
is not good against a purchaser without notice; in other words,
a record without index is no record at all, and is not notice in the
meaning of the law. Kentucky Statutes, sec. 513; Elliott v.
Harris, 81 Ky., 474; Webb v. Austin, 58 S. W., 808 (22 R., 764).

C. H. COLLINS, FOR APPELLEE.

1. When a deed has been acknowledged as required by the
statute and delivered by the grantor to the grantee, and then
filed by the grantee in the proper office for record, the grantee
has done all that the law requires him to do to give notice for
the protection of others.

2. While the statute requires the clerk of the court to keep
an index and a cross-index in alphabetical order, of all deeds
recorded in his office, it does not require the owner of the land
to see that the clerk performs such duty Kentucky Statutes,
secs. 494, 496, 500; Breckenridge v. Todd, 37 B. Mon., 52; Hyatt

Herndon, &c. v. Ogg.

Heirs v. Calloway Heirs, 7 B. M., 178; Nat. Bank of Commerce of Pittsburg v. Licking Valley Land and Mining Co., 15 R., 211.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

It appears from the record that appellants on the 29th of August, 1895, purchased from one Shelby Nunn one-fifth undivided interest in a tract of land in Madison county, subject to the life estate of his mother, Sophia Nunn, and on that day Shelby Nunn and his wife conveyed this interest to appellants, and they had this deed, with the certificate of acknowledgment, duly recorded in the clerk's office of that county on the third of October, 1895. It also appears that on the 25th of July, 1892, Shelby Nunn executed and acknowledged a deed for this same undivided interest to Sarah C. Nunn, and on March 7, 1893, Sarah C. Nunn and her husband conveyed the same to appellee, William A. Ogg. The deed from Shelby Nunn to Sarah C. Nunn was on the 26th of February, 1893, lodged with the clerk of the Madison county court for record, and she paid the clerk all the necessary and proper fees thereon, and the clerk recorded it in the deed book provided for that purpose, and returned the original deed to her on the 6th day of March, 1893, and it has not been in the clerk's office since that day. This last-named deed from Shelby Nunn to Sarah C. Nunn, when it was recorded, was, by oversight of the clerk, not indexed, and there was not any index made thereof until the 28th of January, 1903. The deed from Sarah C. Nunn and her husband to William A. Ogg, appellee, was lodged and recorded on the 21st of October, 1895. The appellants did not know or have any knowledge or information of either of the deeds last described until January, 1903. It is agreed that before appellants purchased the land they caused an attorney to investigate, and they investigated themselves, the question as to whether

or not Shelby Nunn was the owner of this interest in the land, and whether or not he had previously conveyed it, and upon such investigation they concluded that he was the owner, and had never conveyed it. Shelby Nunn represented to them that he was the owner of this land, and they, by searching the records in the usual way (examining only the indices), failed to discover the deed from him to Sarah C. Nunn. The appellants allege that Sarah C. Nunn was negligent in removing her deed from the clerk's office after it was recorded without seeing that the clerk had it properly indexed, and they asked the court to declare, for the reason named, that their title be held to be prior to that of appellee. Appellants admit that when a deed is lodged for record, and the tax paid thereon, it is notice, under the statute, but contend that this lodgment will not operate as a notice against innocent purchasers when the deed itself has been withdrawn from the clerk's office without having been properly indexed; that the grantee becomes a party to the negligence of the clerk in failing to see that the clerk has performed his duty before he withdraws his conveyance from the office. This is the only question for determination on this appeal.

By section 500 of the Kentucky Statutes of 1903, it is provided that any contract for the sale of land or any interest therein, when acknowledged or proved as deeds are required to be, may be recorded in the county in which such lands are situated, in the same, offices and books in which deeds are recorded, and the record of all such contracts recorded shall, from the time of lodging the same for record, be notice of such contracts to all persons. It appears from this section and the preceding sections that when a grantee presents a deed acknowledged according to law, and lodges it for record, and has it recorded, he has done all that the

law requires him to do to give notice for the protection of others. We are of the opinion that, after the grantee has done all that the law requires, he should not be held accountable and made to suffer for the mistake, carelessness, or fraud of the clerk. It appears from section 513 of the statutes that the clerk of the county court is required to make and keep an alphabetical cross-index of all conveyances. It is not intimated in the statutes that the grantees in conveyances are required to see that the clerk performs this statutory duty. They have the right to presume, upon withdrawing their conveyances, that he has performed it. If county clerks were agents of grantees in conveyances, the case would be different, but they are not such agents. They are public officials who perform, or should perform, duties as required by the statutes for the protection alike of present as well as after purchasers. See Bishop v. Schneider, 2 Am. Rep., 533, and Lyne v. Bank, 5 J. J. Marsh., 545.

It follows from the views herein expressed that the action of the lower court was correct and the judgment is affirmed.