## Commonwealth v. O'Bryan, Utley & Company.

(Decided April 24, 1913.)

Appeal from Hopkins Circuit Court.

1.  Corporations—Kentucky Statutes, Section 571—Failure to Comply With—"Filing"—Meaning of Word.—The word "file" as used in Section 571, Kentucky Statutes, means the actual delivery of the statement to someone in the office of the Secretary of State authorized to receive it.

2.  Corporations—Violation of Section 571, Kentucky Statutes—Evidence—Burden of Proof.—When it is admitted or shown in an action against a corporation for violation of Section 571, Kentucky Statutes, that it had engaged in business during the time

covered by the indictment, the burden of proof shifts, and it then devolves upon the corporation to show that it had filed the required statement.

3. Corporations—Burden of Proof—Evidence—Competency.—Evidence of the mailing of the statement, properly addressed and stamped, and of its non-return, is not only not sufficient, but is incompetent, unless accompanied by other evidence showing that the statement was actually received. The filing of the statement may be shown either by evidence to the effect that it is on file or by proof of its delivery by one who actually delivered it.

4. Corporations—Instructions.—In a prosecution against a corporation for doing business without having filed in the office of the Secretary of State the statement required by Section 571, Kentucky Statutes, an instruction is erroneous that authorizes an acquittal if the jury believe that the required statement was mailed in an envelope duly stamped to the Secretary of State in time to have reached him by due course of mail before the corporation began to do business, and that the envelope was not returned.

5. Evidence—Records in Office of Secretary of State—Certified Copies—Facts Not Shown on Record.—Certified copies of records on file in the office of the Secretary of State, when the provisions of Section 4545, Kentucky Statutes, have been complied with, are prima facie evidence of the contents of such records; but the certificate of the Secretary of State, certifying to facts not shown by or on the record so certified, is not admissible. Such facts must be proven in the usual way.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellant.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Section 571, Kentucky Statutes, is as follows:

"All corporations except foreign insurance companies formed under the laws of this or any other State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State until it shall have filed in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process can be served; and when any change is made in the location of its office or offices, or in its agent or agents, it shall at once file with the Secretary of State a state-

ment of such change; and the former agent shall remain agent for the purpose of service until statement of appointment of the new agent is filed; and if any corporation fails to comply with the requirements of this section, such corporation, and any agent or employe of such corporation, who shall transact, carry on or conduct any business in this State, for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense.''

O'Bryan, Utley & Company, a corporation organized and existing under the laws of this Commonwealth, was indicted for the offense of carrying on business in this State without having filed in the office of the Secretary of State a statement required by the foregoing section. A trial before a jury resulted in a verdict of not guilty. Judgment was entered accordingly and the Commonwealth appeals.

When the case was called for trial the defendant admitted that it had been carrying on business in this State during the time covered by the indictment. Under the rule in force in this State, this admission made out a *prima facie* case in favor of the Commonwealth, and in order for the defendant to escape liability it was necessary for it to show a compliance with the statute. Commonwealth v. Reed Phosphate Co., 113 Ky., 32. The defendant introduced evidence to the effect that it did not begin the transaction of business until May 1, 1910. On April 22, 1910, its attorneys prepared for it a statement required by the above section. The statement was duly signed by defendant's secretary, and placed by the secretary in an envelope in the corner of which was written the name of the Madisonville Savings Bank. Proper postage was placed on the letter and it was posted at Madisonville. In the due course of mail the letter should have been received by the Secretary of State within twenty-four hours. The letter was never returned to the defendant or to the Madisonville Savings Bank. The Commonwealth's objections and exceptions to this evidence were overruled. The trial court gave three instructions. By instruction 1 the jury were told that if they believed from the evidence beyond a reasonable doubt that defendant engaged in the transaction of business without having filed in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat, upon whom pro-

cess could be served, they should find the defendant guilty and fix its punishment at a fine of not less than $100 nor more than $1,000. By instruction 2 the court told the jury in substance that if the defendant posted or mailed the required statement in the United States post office, or mailed an envelope containing the required statement, and that said envelope had printed on it the name of the Madisonville Savings Bank as the sender thereof, and that said envelope was not thereafter, and within a reasonable time, returned to the Madisonville Savings Bank or to the defendant, and that the envelope was mailed or posted so that in the ordinary course of mail it would reach the office of the Secretary of State before the defendant transacted any business under its corporate name, they should find the defendant not guilty. By instruction 3, the jury were told that if, upon the whole case, they entertained a reasonably doubt of the defendant's having been proven guilty, they should find it not guilty.

The Commonwealth contends that the evidence of the mailing of the statement was not only insufficient, but was also incompetent to show that the required statement had been filed in the office of the Secretary of State. For like reason it is contended that instruction No. 2 should not have been given.

It will be observed that the statute makes it unlawful for any corporation to carry on any business in this State "until it shall have filed in the office of the Secretary of State a statement signed by its president or secretary giving the location of its office or offices in this State, etc." It will be seen, therefore, that the gist of the offense is the doing business by a corporation without having filed in the office of the Secretary of State the required statement. Originally the filing of a paper consisted in having the proper officer put it upon a string— *filum*—upon which the other papers in the proceeding were placed. In modern times it is usually held that a paper is filed on behalf of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof and paid the fees for filing, if any are required. Words & Phrases, vol. 3, p. 2764; City St. Imp. Co. v. Babcock (Cal.), 68 Pac., 584; Hastay v. Bonness, 86 N. W., 896, 84 Minn., 120. As used in the statute under consideration, we think it means the actual delivery of the statement in the office of the Secretary of State, to someone authorized to receive it.

While it is true that in ordinary business transactions, the law presumes the receipt by the addressee of a letter duly stamped and posted, it would virtually defeat the purpose of the statute if this rule of evidence were applied in a case like this. It is not a case where presumptions should be indulged. Actual delivery being required, nothing short of proof of actual delivery will be sufficient. Therefore, evidence of the mailing of the statement in an envelope duly stamped, and of the non-return of the envelope, is not only not sufficient, but is not even competent proof of the fact of filing, if unaccompanied by other evidence of its actual receipt. The only way to prove the filing is to show that it is actually on file, or show its delivery by one who actually delivered it in the office of the Secretary of State into the custody of someone authorized to receive it. William Gates v. State of New York, 128 New York, 221. There being no other evidence tending to show the actual receipt of the statement prior to the time that defendant engaged in business, it follows that the evidence of the mailing of the statement should have been excluded. It also follows that instruction No. 2, authorizing an acquittal if the statement was mailed as claimed by defendant, is erroneous.

The only evidence offered in rebuttal by the Commonwealth was a copy of a statement dated April 22, 1910, and signed by Delmont Utley, secretary of the defendant company, and certified to by the Secretary of State as a correct copy of the original record thereof. The certificate of the Secretary of State also states that he failed to find in the records of his office evidence that a similar statement was filed previous to May 29, 1911, by O'Bryan, Utley & Company. The copy and certificate of the Secretary of State were contained in an envelope addressed to the Circuit Clerk of Hopkins County, and were received by the latter through the mail. Section 4545, Kentucky Statutes, provides that copies of records and papers in the office of the Secretary of State, certified by him, shall in all cases be evidence equally with the original, and when such certified copies of records are presented as evidence in any court of this Commonwealth, the same shall be *prima facie* evidence of their contents, and the personal presence of the Secretary of State as a witness in such case shall be dispensed with; provided, that said records shall be mailed under seal to the circuit court clerk where same are to be used, under

the same restrictions as are now required by law in forwarding depositions. Under this statute, the Secretary of State can only certify copies of records. He cannot certify to any fact not shown on such records. Therefore his certificate to the effect that he failed to find in the records of his office evidence that a similar statement of the corporation was filed previous to May 29, 1911, by O'Bryan, Utley & Company, was not competent evidence. The method of proving the fact that a record was not on file at a certain time, or any other fact not shown on the record as certified, has not been changed, but such facts must be proved in the usual way.

Judgment reversed and cause remanded for new trial consistent with this opinion.