## Carter Guaranty Company v. Cumberland & Manchester Railroad Company.

### (Decided March 25, 1927.)

### Appeal from Knox Circuit Court.

1.  Chattel Mortgages.—Ky. Stats., section 496, providing that unrecorded mortgage shall not be valid against purchaser for valuable consideration without notice, or against creditors, does not require that mortgagee personally superintend recording of mortgage, but mortgage must be deposited in proper office with some one having authority to receive it and recording fees paid.

2.    Chattel Mortgages.—Evidence that mortgagee mailed mortgage
      and recording fees to county clerk, and that check was paid, held
      insufficient to show that clerk received mortgage in his office for
      filing, so as to make mortgage lien superior to plaintiff's attach-
      ment lien, in view of presumption that he received letter at post-
      office, but it made prima facie showing that clerk received mort-
      gage.

BLAINE & GUTHRIE, C. EDWARD SCHINDLER and H. M. DEN-
TON for appellant.

THOMAS D. TINSLEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On August 14, 1925, W. C. Smith purchased an auto-
mobile from Farmer & Co., of Pineville, Ky., and exe-
cuted his promissory note to Farmer & Co. for $757.50
to cover the unpaid purchase price. At the same time he
executed a chattel mortgage to said company on said
automobile to secure the payment of the notes. On the
same day said company sold, transferred, and assigned
the note and mortgage to the appellant, Carter Guaranty
Company. On August 18, 1925, appellant mailed the
mortgage with the check to pay the recording fees to the
clerk of the Knox county court. The check was paid and
contains the indorsement of the county court clerk across
its back.

It appears that Smith had misappropriated funds
belonging to the Manchester Railroad Company, and in
January, 1926, it instituted an action against Smith to
recover the funds so misappropriated and caused an
attachment to issue which was levied on the automobile.
Thereafter the appellant filed an intervening petition
asserting its mortgage lien and claiming that its lien was
superior to that created by the attachment. The lower
court held that the attachment lien was superior to the
lien of appellant. The mortgage assigned to appellant
does not appear on the records in the office of the clerk
of the Knox county court.

There is one question only to be determined and that
is whether there is sufficient proof in the record to show
that the clerk of the Knox county court received the
mortgage in his office. The only proof that the mortgage
was so received is that it was inclosed in the envelope
with the check and letter of instructions and the check
was returned to the drawer with the indorsement of the
clerk thereon.

Section 496, Ky. Stats., provides that a mortgage shall not be valid against a purchaser for a valuable consideration without notice thereof or against creditors until it shall be acknowledged or proved according to law and lodged for record. This provision of the statutes does not require the mortgagee to personally superintend the recording of the mortgage. It is sufficient if it be deposited in the proper office with some one having authority to receive it and the recording fees paid. If that is done the mortgagee cannot be held responsible for the failure of the clerk to do his duty. It is insisted that delivery of the instrument to the proper officer is all that is required regardless of the place of delivery. When a mortgage is delivered to the clerk it is made his duty to immediately suspend all other work and cause it to be properly indexed. This of itself indicates that the mortgage must be delivered to the proper officer in his office. When it is so delivered in the proper office and the fees paid and directions given to record it, it then becomes notice to all persons of the lien set out therein. Kentucky River Coal Co. v. Sumner, 195 Ky. 119, 241 S. W. 820; Herndon v. Ogg. 84 S. W. 754, 27 Ky. Law Rep. 268; Title Guaranty & Surety Co. v. Commonwealth, 141 Ky. 570, 133 S. W. 577; Webb v. Austin, 58 S. W. 808, 22 Ky. Law Rep. 764; Great Western Petroleum Co. v. Samson, 192 Ky. 814, 234 S. W. 727; Day & Congleton Lumber Co. v. Stadler, 139 Ky. 587, 69 S. W. 712; Cain v. Gray, 146 Ky. 402, 142 S. W. 715; Daniel v. Blankenship, 177 Ky. 726, 198 S. W. 48.

In 34 Cyc. 587, we find this statement of the law governing the depositing of instruments for record:

"To constitute a valid filing for record, the instrument must be delivered at the office where it is required to be filed, and delivery of an instrument to the proper officer at a place other than the office where it is required to be filed is not sufficient, even though the officer indorses it as properly filed; but, if the instrument is then taken by the officer to the office and filed there, it will be considered as filed for record from the time of its actual deposit and filing in the office.

"An instrument is filed for record when it is deposited in the proper office with the person in charge thereof, with directions to record it, although

not within the time that the office is required by statute to be kept open."

Caldwell's Kentucky Judicial Dictionary, vol. 5, p. 1156, thus defines the word "file":

"'File' means to deliver to the office indicated. Depositing a paper in the post office at some distant place is not filing."

This definition is taken from the case of United States v. Lombardo, 214 U. S. 73, 36 S. Ct. 508, 60 L. Ed. 897. In the case of Commonwealth v. O'Bryan, Utley & Co., 153 Ky. 406, 155 S. W. 1126, it was held that the mailing of the statement required to be filed by corporations with the secretary of state under the provisions of section 571, Ky. Stats., was not proof of its being filed without showing that it was received in the office of the secretary of state by some one authorized to receive it.

The question is whether the return of the check to appellant indorsed by the county clerk is proof that the mortgage was delivered to the county clerk, and, if it should be held that it is proof of delivery, is that sufficient proof of lodging the mortgage for record without showing that the mortgage was actually delivered to the clerk in his office? The mailing of the mortgage with the check and the return of the check thereafter indorsed by the clerk is *prima facie* evidence that the clerk received the mortgage. We must determine, therefore, whether the mortgage must be delivered to the clerk in his office. If that is required the proof in this case is not sufficient to show that it was so delivered. The presumption is that the clerk received the letter at the post office in the absence of any proof to the contrary, as there is nothing in the record to show that the inhabitants of Barbourville had free delivery of their mail.

In the case of Wilson v. Hines, 99 Ky. 221, 35 S. W. 627, 18 Ky. Law Rep. 233, the court had before it the question of whether the delivery of a petition, asking that a local option election be called, to the county judge outside of his office, was sufficient. The law required that the petition should be lodged with the county judge a certain length of time before the election should be called. The court there said:

"We do not understand the word 'lodge' when used with reference to such matters to mean simply

to leave with or in the possession of the officers. In our opinion it imports that the instrument or writing 'lodged' is to be made a matter of record in some way, and in this case is not to be construed differently from the word 'received' as used in this act and in the section of the Kentucky Statutes referred to; and in our opinion it was intended that the petition should be 'received' in court and there made a matter of record by the proper order entered on the order book showing that it has been received and filed, and the purpose of it, and that the order for the election should be made at the next regular term of the court thereafter. It follows that in this case the order for the election was not made at the proper time and the election was not lawfully held.''

23 R. C. L. p. 185, section 42, thus states the law:

''The word 'file' is derived from the Latin '*filum*,' signifying a thread, and its present application is evidently drawn from the ancient practice of placing papers on a thread or wire for safe-keeping. The origin of the term clearly indicates that the filing of a paper can only be effected by bringing it to the notice of the officer who anciently put it on the thread or wire. And accordingly, under modern practice, regardless of the varying phraseology of the statutes, in contemplation of law a paper whose filing carries notice, or affects private rights, is filed only when deposited with the proper officer at his office for this especial purpose, and it is not deemed to be filed when it is delivered to the officer authorized to receive it at a place other than his office, and, if he does so, and indorses it as filed at the time of delivery, his act is ineffectual. But the paper left with an officer out of his office becomes filed when he deposits it in his office. Such filing, however, does not then relate back to the time when he received the paper.''  ·

For further authorities to the same effect, reference is made to Old Colony Street Ry. Co. v. Thomas, 205 Mass. 529, 91 N. E. 1006, 18 Ann. Cas. p. 247, and notes. Without proof that the mortgage was delivered to the clerk or some one having authority to receive it in the office of the clerk and the fees paid thereon, it was not lodged for record as required by section 496, Ky. Stats.

The lower court was therefore correct in holding that the attachment lien was superior to the mortgage lien. Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833.

The judgment is affirmed.

Whole court sitting.