## Fields Motor Co. v. Sturgill et al.
June 6, 1939.

John W. Caudill, Judge.

48

Carl D. Perkins and Clark Pratt for appellant.

J. C. Burnette for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

The Fields Motor Company, a partnership composed of E. H. Fields, Herman S. Fields, and Jason Fields, hereinafter referred to as the company, instituted this action in equity against John Sturgill, Henry Sturgill and Sanders Davidson seeking to recover of Sanders Davidson the sum of $507.52, the balance of the purchase price of an automobile, which they had sold to him under a conditional sales contract.

It was alleged that when the sale was made Sanders Davidson executed and delivered to the company a conditional sales contract whereby the company retained title to the automobile until the purchase price had been fully paid; that thereupon the company inclosed the contract in a letter to the county court clerk of Knott county where defendant Davidson resided requesting that the contract be put to record and accompanied by a check for the amount of the recording fee. The conditional sales contract is a standard and usual form used in such instances. It was further alleged that after the conditional sales contract had been received in the office of the Knott county court the defendants Henry and John Sturgill in an action to which the company was not made a party and of which it had neither actual or constructive notice caused an attachment to be issued and levied upon the automobile and was claiming to have possession of same by reason of the attachment lien; that if they had such lien it was junior and inferior to the lien of plaintiffs. They alleged necessary grounds for and asked that a specific order of attachment issue and prayed that they recover of Sanders Davidson the sum of $507.52 with interest; that they be adjudged the owner of the automobile or that they be adjudged a prior and superior lien thereon to secure the payment of the sum sued for. A general demurrer to the petition was overruled.

Defendants John and Henry Sturgill filed answer, the first paragraph of which consisted of a denial of the material allegations of the petition and by a second paragraph entered a plea of estoppel or res judicata, based on proceedings in the quarterly court, whereby they sued out their attachment against the automobile of Davidson and in which plaintiffs intervened or attempted to intervene setting up their claim under the conditional sales contract and to enjoin a sale under the execution; and also on an action in the circuit court whereby plaintiffs attempted to assert their lien under the conditional sales contract and to enjoin the sale of the automobile under the attachment sued out in the action in the quarterly court. The same defendants also filed an amended answer in which they alleged in effect that Sanders Davidson borrowed the sum of $210 to make the down payment on the automobile as recited in the conditional sales contract and that they became surety for him on the note; that they were forced to and

did pay same in order to avoid suit and upon paying the note they took an assignment thereof and instituted the action in the Knott quarterly court to recover thereon the amount they had paid, relying upon the record of the Knott county court which showed there was no mortgage lien, conditional sales contract or any incumbrances of any kind against the automobile; that judgment was rendered in their favor, the attachment sustained and they were entitled to a superior lien to secure them in the amount thereof; that because the conditional sales contract had not been put to record plaintiffs were estopped and barred to set up and allege their lien as prior and superior to the lien of the answering defendants. The issues were completed by an order traversing of record the affirmative allegations of the answer as amended.

On final hearing it was adjudged that plaintiffs recover of Sanders Davidson the sum of $507.52 with interest but that all other relief be denied them and their petition be dismissed as against defendants John and Henry Sturgill; that the defendants John and Henry Sturgill recover their costs. Plaintiffs are appealing.

It is first argued that the lower court erred in not adjudging appellants a prior and superior lien on the automobile. The evidence shows that on the day the conditional sales contract was executed it was placed in an envelope, directed to the clerk of the Knott county court with a letter requesting that it be put to record and a check for the statutory recording fee was inclosed which check was later cashed by the clerk. It was further shown that according to the usual course of mails the letter should have reached the clerk on the following day; that he did in fact receive it at some time but the contract was not recorded until after John and Henry Sturgill had filed their action against Sanders Davidson in the Knott quarterly court and had caused attachment to be levied on the automobile. There is evidence that the records had theretofore been searched and it was disclosed that the contract had not been recorded and it was not found in the office by the clerk but later he found the envelope containing the letter, the contract and the check in a bundle of papers in his desk awaiting to be recorded. The evidence discloses beyond doubt that the clerk did receive the letter in due time and placed it with other papers to be recorded but failed to mark it filed or lodged for record.

**Under** Section 496, Kentucky Statutes, no deed or mortgage on real estate or personal property shall be valid against purchasers for valuable consideration or creditors until same has been duly acknowledged or proved according to law and lodged for record and it has been held by this court that the Uniform Sales Act, Kentucky Statutes, Section 2651b-20, does not modify the rule that the conditional sales contract is in the nature of a chattel mortgage and must be recorded. When appellants mailed their contract to the county court clerk of Knott county accompanied by the recording fee and requested that same be recorded, they lodged the instrument for record the same as if they had handed it to him in person and paid the necessary fees; therefore they had done all they could do. They had lodged the contract for record and it thereby became notice to purchasers and creditors. The fault if any was with the clerk and not with appellants.

In the case of Campbell v. Mason, Sheriff, 269 Ky. 128, 106 S. W. (2d) 100, will be found an extensive discussion and citation of authorities as to what constituted filing and among the cases cited is that of Commonwealth v. O'Bryan, Utley & Company, 153 Ky. 406, 155 S. W. 1126, 1128, wherein among other things it is said:

"In modern times it is usually held that a paper is filed on behalf of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof and paid the fees for filing, if any are required."

All other authorities are to the same effect and this rule applies alike to lodging an instrument for record.

Contention of appellees Sturgill that their plea of res judicata should have been sustained is clearly without merit. In the quarterly court where appellants attempted to intervene in the action of appellees Sturgill against appellee Davidson, the temporary restraining order was cancelled, vacated and dissolved and the intervening petition dismissed on the ground that in the action in which appellants attempted to intervene, final judgment had been rendered, the action terminated and that no such action was then pending in the quarterly court. In the action in the circuit court whereby appellants attempted to enjoin the sale of the automobile under the attachment obtained by appellees Sturgill in the quarterly court, the court sustained a special demurrer to the

petition. In the case of Miles v. United Oil Company, 204 Ky. 345, 264 S. W. 761, 763, it was said with respect to a similar plea:

"It is unavailing for the further reason that the final judgment to which it refers was entered upon an order sustaining a demurrer to the petition, and this court has heretofore held in numerous cases that a judgment upon a demurrer is not a bar to a second action between the same parties on the same cause of action unless the decision on the demurrer necessarily involves an adjudication on the merits of the case, and no such claim is made here." (Citing authorities.)

There was no determination on the merits in either of the cases relied on by appellees, Sturgill.

Contention is made by appellees that appellants could not maintain their action because they were not parties in interest. It appears that appellants at some time had assigned their conditional sales contract to the G. M. A. C. but later and before judgment was rendered it had been reassigned to appellants. No question was made below of appellants' right to maintain their action by special demurrer or otherwise and in the circumstances revealed by the record this contention cannot be sustained.

It is further argued by counsel for appellees that the trial court having found as a fact that the conditional sales contract was not recorded or lodged for record at the time appellees Sturgill caused the automobile to be attached, the chancellor's finding of fact should be sustained. Carter Guaranty Company v. Cumberland & M. Railway Company, 219 Ky. 207, 292 S. W. 812, is cited but in that case it is said:

"When a mortgage is delivered to the clerk it is made his duty to immediately suspend all other work and cause it to be properly indexed. This of itself indicates that the mortgage must be delivered to the proper officer in the office. When it is so delivered in the proper office and the fees paid and directions given to record it, it then becomes notice to all persons of the lien set out therein." (Citing authorities.)

That is in accord with other cases hereinbefore cited and the evidence shows that the mortgage was de-

livered to the clerk in his office and the proper fees paid before the attachment was sued out by appellees Sturgill.

While it is true that the court will not interfere or disturb a chancellor's finding of fact where same is in accord with the weight of the evidence or the evidence to the contrary does nothing more than raise a doubt, Ritter, Inc., v. Morris Hess & Company, 211 Ky. 730, 277 S. W. 1016; Briscoe v. Briscoe, 225 Ky. 804, 10 S. W. (2d) 294, the finding of the chancellor does not have the same effect as the verdict of a properly instructed jury and is not binding upon the Court of Appeals; but this court will weigh the evidence for itself, Faulkner v. Headrick's Adm'r, 213 Ky. 692, 281 S. W. 813, and will not hesitate to reverse the judgment which is against the weight or preponderance of evidence. Walker v. Walker, 228 Ky. 357, 15 S. W. (2d) 298. As already indicated the evidence leaves no escape from the conclusion that the contract was filed in the proper office for recording before appellees Sturgill sued out their attachment.

Some other questions are argued but they are not of sufficient merit to call for discussion.

Wherefore the judgment is reversed, with directions to set it aside and enter judgment in conformity with this opinion.