

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*Sustained by Sup court of Texas in Burroughs vs. Lyles 181 SW 2d 5*

Honorable V. L. Pitman
County Attorney, Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-6060
Re: When application of candidate
for District Judge to place
name on ballot may be con-
sidered "filed," under
Article 3112, Revised Civil
Statutes.

Your request for our opinion in the hereinabove
captioned matter has been received by this department. We quote
from your letter as follows:

"I am enclosing herewith a copy of a letter to
me of this date from Mr. Henry Latimer Jordan, Chairman,
Anderson County Democratic Executive Committee, request-
ing an opinion from you as to whether or not the name of
Mr. Ernest A. Landman can be legally placed on the ballot.
Mr. Landman is a candidate for the office of District Judge
and practically all the facts involved in the question I
am submitting to you are stated in the copy of Mr. Jordan's
letter.

"However Mr. Jordan has requested that I give you
this further bit of information not included in his letter.
He has this day received from Mr. Simons, Secretary of the
Democratic State Executive Committee of Texas, a letter
stating that it has been the custom of that committee to
accept all applications for state offices, provided they
are postmarked by the deadline date, even though received
after such date.

"I am also enclosing herewith a letter from Mr. Ernest
A. Landman, dated May 27, 1944, addressed to the Honorable
Henry Latimer Jordan, in which Mr. Landman sets forth facts
and his views in regard to whether or not his name can be
legally placed on the ballot as candidate for District
Judge. * * *"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We quote from the letter written to you by Honorable Henry Latimer Jordan, Chairman of Anderson County Democratic Executive Committee, as follows:

"I am Chairman of the Democratic Executive Committee of Anderson County, Texas, and on May 15, 1944 about 4:30 P. M. I received the following telegram:

"'THE COUNTY CHAIRMAN
"'DEMOCRATIC EXECUTIVE COMMITTEE ANDERSON COUNTY

"'FORMAL REQUEST THAT MY NAME BE PLACED UPON OFFICIAL BALLOT FOR PRIMARY ELECTION TO BE HELD JULY 22 1944 AS A CANDIDATE FOR THE OFFICE OF DISTRICT JUDGE HAS BEEN MAILED TO YOU WITH REQUIRED REMITANCE ---ERNEST A LANDMAN'

"On May 16, 1944 about 9:00 A. M. I received by Special Delivery from a Special Delivery messenger an application by Mr. Ernest A. Landman of Athens, Texas for his name to go on the ballot as a candidate for Judge of the 3rd Judicial District of Texas, said application being in regular form as required by Article 3111 of Vernon's Annotated Civil Statutes. This Special Delivery letter was postmarked Athens, Texas, May 15, 1944, 4:30P. M. and was postmarked Palestine, Texas, May 16, 1944. The Palestine postmarked time is not clear, but it appears to be 8:00 A. M. and the year is not clear on the postmark. Mr. Landman maintains that he is entitled to go on the ballot for the Primary Election to be held July 22, 1944. The question is whether or not under the facts outlined herein Mr. Landman has filed with me as required by Article 3112 of Vernon's Annotated Civil Statutes.

"I have a copy of Attorney General's Opinion number O-2207 approved by Gerald C. Mann, Attorney General of Texas, June 26, 1940, but Mr. Landman contends that his telegram is an additional factor that did not exist in the facts outlined in the Attorney General's Opinion, and I think this is true. * * **

We now quote from the letter written to Honorable Henry Latimer Jordan by Honorable Ernest A. Landman, as follows:

"* * * Your letter was a surprise to me, and in view of the fact you stated that opposing Candidates V. M. Johnson and Clay Cotten did not object to my name appearing on the ballot the letter presented more of a surprise as it seems to me that they would in reality be the only ones who could object. It is true the public is interested, but if they object to me, they will likely vote against me, and so this matter is quite a mystery to me. * * *"

Article 3112, Revised Civil Statutes, 1925, as amended by the 48th Legislature, 1943, Chapter 218, Paragraph 1, now reads:

"Any person desiring his name to appear on the official ballot as a candidate for the nomination for Chief Justice or Associate Justice of the Court of Civil Appeals, or for Representative in Congress, or for State Senator when such Senatorial District is composed of one or more than one county, or for Representative, or district judge or district attorney in representative or judicial districts composed of one or more than one county, shall file with the chairman of the executive committee of the party for the district, said request with reference to a candidate for a State nomination, or if there be no chairman of such district executive committee, then with the chairman of each county composing such district, not later than the third Monday in May preceding the general primary. Such requests may likewise be filed not later than said date by any twenty-five (25) qualified voters resident within such district, signed and duly acknowledged. Immediately after such date such district chairman shall certify the names of all persons for w hom such requests have been filed to the county chairman of each county composing such district. If said name is not submitted or filed within said time, same shall not be placed upon said ballot."

The provisions of Article 3111, Revised Civil Statutes, through Section 1 thereof, reads as follows:

"The request to have the name of any person affiliating with any party placed on the official ballot for a general primary as a candidate for the nomination of such party for any State office shall be governed by the following:

"1. Such request shall be in writing signed and
duly acknowledged by the person desiring such nomination,
or by twenty-five qualified voters. It shall state the
occupation, county of residence and post-office address
of such person, and if made by him shall also state his
age."

On August 7, 1908, in an opinion addressed to Mr. T.
M, Jones, Gail, Texas, the Honorable R. V. Davidson, Attorney
General of Texas, said:

"No candidate for nomination to any office can
have his name printed upon the official ballot in the
primary election, unless he makes application to the
County Chairman within the time prescribed by law and
pays his proportionate part of the expenses of holding
the election."

On June 18, 1910, in an opinion addressed to the Honor-
able I. N. Fallis, County Chairman, Clifton, Texas, the Honorable
Jewel P. Lightfoot, Attorney General, held that a candidate for
State Senate in a district corposed of more than one county, was
required to have his application for his name to be placed upon
ticket in the hands of the district chairman, or the respective
county chairmen, within the time prescribed by law; and that trans-
mission by mail where application failed to reach chairman was not
sufficient compliance to get name upon ballot.

On June 25, 1936, in a telegram addressed to Honorable
John A. Cook, District Attorney, Mt. Pleasant, Texas, the Honorable
William McCraw, Attorney General of Texas, stated the following:

"OF OPINION COMMITTEE UNAUTHORIZED TO PLACE
NAME ON BALLOT OF CANDIDATE WHO DID NOT FILE IN TIME
OPPOSING CANDIDATES MAY NOT WAIVE"

Opinion No. O-2207 by Honorable Gerald C. Mann, Attorney
General of Texas, reads, in part, as follows:

"It will be observed that two elements are essen-
tial to constitute 'filing' of an instrument; viz: de-

livery to and receipt of by the proper officer. This is well established in Texas. Beal v. Alexander, 6 Tex. 531; City of Dallas v. Beeman (C. C. A. 1898) 18 Tex. Civ. App. 335, 45 S. W. 626; Brogdon v. State, 63 Tex. Cr. R. 475, 140 S. W. 352; West v. State, 108 Tex. Cr. R. 647, 2 S. W. (2d) 271; Helge v. Wood, District Clerk, (C. C. A. 1933) 65 S. W. (2d) 352, writ refused; Blackburn v. State (C. C. A. 1934) 72 S. W. (2d) 627; Ex parte Leifeste, 127 Tex. Cr. R. 345, 77 S. W. (2d) 675; Maddux v. Booth (C. C. A. 1937) 108 S. W. 329. See also Poynor v. Commissioner of Internal Revenue (C. C. A. 5th Cir.) 81 Fed. (2d) 521.

"While the mere deposit of an instrument in the United States mails is not sufficient to constitute 'filing' (U. S. v. Lomberdo, supra; Moores v. State, 96 N. W. 225) receipt by mail within the proper time and by the proper officer is a 'filing' and the vehicle or agency by which the instrument is transmitted is of no consequence. In all cases the query is, has the instrument been received and placed in the custody of the proper official. Moores v. State, 96 N. W. 225; Sweeney v. City of New York, 225 N. Y. 271, 122 N. E. 243; O'Hearn v. Erickson, County Auditor (S. Ct. Minn. 1922) 152 Minn. 349, 188 N. W. 736.

"As stated in Sweeney v. City of New York, supra:

"'The verb 'to file' may be used in various senses. When, as in this statute, it is said that a paper must be filed with an officer, the requirement is at least complied with when the party delivers that paper to the officer at his official place of business and there leaves it with him. Whether he does this personally or by mail is, we think, immaterial, so long as it is actually received.' (Underscoring ours)

"In accord with this statement of the law is Commonwealth v. O'Bryan, Utley & Company, 153 Ky. 406, 155 S. W. 1126.

"In State ex rel. O'Hearn v. Erickson, County Auditor, supra, a candidate for the office of State Representative mailed an application to have his name placed on the ballot on the last day for legal filing and it was not received until the following day. The

court held that the day the application was actually received by the proper office was the day it was filed.

"Consequently, it is the opinion of this department, and you are respectfully advised that when an application of a candidate to have his name placed upon the primary ballot in proper form and containing every matter required by law is transmitted throughtthe United States mails and is received by the proper officer within the time allowed by law, it is 'filed' within the meaning of Art. 3112, Vernon's Annotated Civil Statutes."

The Attorneys General of the State of Texas have consistently held that candidates for district office, in districts composed of more than one county, are required to have their applications for names to be placed upon ballot in the hands of the District Chairman, or respective County Chairmen, within the time prescribed by law.

The last day for the above described candidate to file his application with the County Chairman was May 15th, 1944, and according to your letter and the candidate's own statement, said Honorable Ernest A. Landman's application for a place on the Democratic ticket as a candidate for District Judge was not received by the County Chairman until sometime May 16, 1944.

Mr. Landman contends that his telegram sent to and received by the Democratic Chairman on May 15, 1944, is an additional factor that did not exist in the facts outlined in the Attorney General's Opinion No. O-2207. This department admits that the telegram does inject a new fact or circumstance, but we are convinced that it does not change the conclusion as expressed in the above described opinion. We quote from Opinion No. O-6036 by this department, as follows:

"* * * A careful reading of said Article 3112, as amended, discloses that the request of a candidate for party nomination for any of the district offices referred to therein must conform to the requirements with reference to a candidate for State nomination. These requirements are set forth in Section 1 of Article 3111, Revised Civil Statutes, 1925, above quoted. See McClain v. Betts, et al, (Civ. App.) 95 S. W. (2d) 1311.

"It is clear, therefore, that the Legislature has provided only two methods by which a candidate for party nomination for a district office can have his name placed on the official ballot, viz:

"(1) The request for such placement shall be in writing, signed and duly acknowledged by the person desiring such nomination. It shall state the occupation, county of residence and post-office address of such person, and also his age. It shall be filed with the proper chairman or chairmen and within the time designated in said amended Article 3112.

"* * **

After a careful study of the above mentioned telegram, we find the following:

(1) It does not purport to be the application of the candidate, and is merely informative in its nature.

(2) It is not in writing, signed and acknowledged by said candidate.

(3) It does not state the candidate's age, residence, post-office address, or possess any of the essential requirements that must be contained in an application for a place on the official ballot.

In view of the foregoing, it is the opinion of this department that Article 3112 of the Revised Civil Statutes, as amended, limiting the time when a candidate for a district office, in a district composed of more than one county, may file application to have his name placed upon the ballot is mandatory. Being mandatory, it is the duty of candidates and election officials alike, including the County Executive Committee, to abide strictly by its letter. Being mandatory, moreover, its provisions cannot be waived by the joint agreement of all candidates for said office or by other interested parties concerned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY

C. Davis, Jr.
Assistant

JDD:mng)