**REVENUE CABINET, Commonwealth of Kentucky, Appellant,**

v.

**JRS DATA SYSTEMS, INC., d/b/a Computerland of Louisville, Appellee.**

No. 86–CA–1822–MR.

Court of Appeals of Kentucky.

July 24, 1987.

Rehearing Denied Sept. 18, 1987.

Discretionary Review Denied by Supreme Court Nov. 17, 1987.

Michael L. Henry, Legal Services Section, Revenue Cabinet, for appellant.

D. Kevin Ryan, Louisville, for appellee.

Before GUDGEL, LESTER and WEST, JJ.

GUDGEL, Judge:

The sole issue in this appeal is whether the act of depositing in the mail a petition of appeal to the Kentucky Board of Tax Appeals (board) amounts to a "filing" of the petition of appeal for purposes of KRS 131.340(2) [now KRS 131.340(3)]. The circuit court adjudged that it did, and hence, that appellee's petition of appeal was timely filed. We disagree. Hence, we reverse and remand.

Appellant Revenue Cabinet (cabinet) conducted a sales and use tax audit of appellee's business which resulted in the levying of a substantial assessment. Appellee filed a timely protest of the assessment but, ultimately, the cabinet issued an adverse final ruling, which appellee received on November 20, 1985. Thirty days later, on December 20, 1985, appellee deposited a petition of appeal in the mail. The board received the petition of appeal at its Frankfort offices on December 23, 1985, which was thirty-three days subsequent to the

date appellee received the cabinet's final ruling. The board refused to file the petition on the ground that it was untimely, and subsequently dismissed appellee's purported appeal. The circuit court concluded, however, that since the petition of appeal was deposited in the mail within the thirty-day statutory period, it was "filed" with the board as of the date it was mailed. Accordingly, the court reversed the board's order and directed it to hear appellee's appeal. This appeal followed.

The jurisdictional statute applicable to this appeal, former KRS 131.340(2), stated as follows:

> (2) *Any party,* including the attorney general, on behalf of the commonwealth, *aggrieved by any ruling,* order or determination *of any* state or county *agency charged with the administration of any taxing or licensing measure, may prosecute an appeal to the board by filing a complaint or petition of appeal before the board within thirty (30) days from the receipt* by such aggrieved party *of the agency's ruling,* order, or determination. (Emphasis added.)[1]

The cabinet contends that the court erred by finding that the act of depositing the petition of appeal in the mail amounted to a "filing" of the petition for purposes of former KRS 131.340(2). We agree.

Appellee sought to avail itself of a statutory right to take an administrative appeal to the board from the cabinet's adverse final ruling. However, in order to confer jurisdiction on the board to hear the appeal, appellee had the burden of strictly complying with the requirements set out in former KRS 131.340(2) for taking an appeal, including causing its petition of appeal to be timely filed. *See* 73A C.J.S. *Public Administrative Law and Procedure* § 168 (1983). Former KRS 131.340(2) mandated that the petition of appeal be filed "before the board within thirty (30) days" of the taxpayer's receipt of the cabinet's final ruling. Here, however, it is undisputed that the board did not actually receive the peti-

tion of appeal at its offices until thirty-three days subsequent to appellee's receipt of the cabinet's ruling. Therefore, unless appellee's act of depositing the petition of appeal in the mail on the thirtieth day following receipt of the cabinet's final ruling amounted to a "filing" for purposes of former KRS 131.340(2), its appeal was untimely filed and the board did not have jurisdiction to entertain it.

The circuit court found that the legislature, in enacting former KRS 131.340(2), intended to provide an opportunity for taxpayers to appear before the board with as little inconvenience and expense as practicable, and that mailing was the most convenient and least expensive method of filing a petition of appeal. The court concluded, therefore, that since appellee's petition of appeal was deposited in the mail within thirty days after the receipt of the cabinet's ruling, the board had jurisdiction to hear the appeal. We are of the opinion that the court's legal conclusion is erroneous.

■ Ordinarily, we are bound to construe all statutory words and phrases according to the common and approved usage of the language. However, words which have acquired a peculiar and appropriate meaning in the law must be construed according to such other meaning. *See* KRS 446.080(4). Contrary to the court's conclusion, the word "file" and its derivatives, as used in our statutes, has acquired a particular and well-settled meaning in the law. As early as 1927, the former court of appeals quoted with approval the following definition: "File means to deliver to the office indicated. Depositing a paper in the post office at some distant place is not filing." *Carter Guaranty Co. v. Cumberland & Manchester R. Co.,* 219 Ky. 207, 292 S.W. 812, 813 (1927), quoting Caldwell's *Kentucky Judicial Dictionary,* Volume 5, p. 1156. The court went further, quoting from a recognized treatise, and discussed the origin of the word "file" and reaffirmed the accepted modern rule of statu-

---

**1.** This statute has been modified, effective July 15, 1986, to further shorten the appeal time by requiring the thirty-day period to be calculated from the date of the mailing of the agency's ruling, order, or determination.

tory construction pertaining to its use, as follows:

> "The word 'file' is derived from the Latin 'filum,' signifying a thread, and its present application is evidently drawn from the ancient practice of placing papers on a thread or wire for safe-keeping. The origin of the term clearly indicates that the filing of a paper can only be effected by bringing it to the notice of the officer who anciently put it on the thread or wire. And accordingly, under modern practice, regardless of the varying phraseology of the statutes, in contemplation of law a paper whose filing carries notice, or affects private rights, is filed only when deposited with the proper officer at his office for this especial purpose."

*Carter, supra* at 813. *Accord: Campbell v. Mason*, 269 Ky. 128, 106 S.W.2d 100 (1937); *Commonwealth v. O'Bryan, Utley & Co.*, 153 Ky. 406, 155 S.W. 1126 (1913).

In light of these authorities, it is clear that the mere act of depositing a legal document in the mail, although a proper method for transmitting to a public office a document which is required to be filed, does not as such amount to a "filing" of the document. On the contrary, until such time as the document actually arrives at the appropriate office, it has not been "filed" for purposes of a statute mandating its filing. It follows, therefore, that the court erred by concluding that, for purposes of former KRS 131.340(2), the "filing" of appellee's petition of appeal was effected by its deposit in the mail.

Appellee's arguments in support of the court's conclusion are untenable. In the first place, as noted earlier and conveniently ignored by appellee, the statutory use of the word "file" has acquired a precise meaning in Kentucky law. Moreover, we perceive no ambiguity whatever in the language of former KRS 131.340(2), which states that an appeal must be prosecuted by "filing a ... petition of appeal before the board within thirty (30) days." Further, the mere fact that other revenue and taxation statutes authorize or make reference to mailing specific documents as an appropriate means of transmittal does not change the fact that former KRS 131.340(2) required a taxpayer's administrative appeal to the board to be filed at the board's offices within a certain period of days. Clearly, the acts of mailing and filing are different concepts for purposes of our taxing statutes. Finally, we note that CR 76.40(2) provides no solace to appellee, as we are dealing here with a special statutory administrative appeal procedure rather than a judicial appeal.

Since it is undisputed that appellee's petition of appeal did not arrive at the board's office until thirty-three days subsequent to appellee's receipt of the cabinet's final ruling, its appeal was untimely. Hence, the board lacked jurisdiction to entertain the appeal. The court erred, therefore, by reversing the board's order dismissing appellee's appeal.

The court's judgment is reversed and remanded with directions to enter a new judgment consistent with our views.

All concur.