RENDERED:  MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0031-MR

REBECCA W. GOODMAN,
SECRETARY OF THE ENERGY AND
ENVIRONMENT CABINET AND
COMMONWEALTH OF KENTUCKY,
ENERGY AND ENVIRONMENT
CABINET                                                                            APPELLANTS


                     APPEAL FROM FRANKLIN CIRCUIT COURT
v.                   HONORABLE THOMAS D. WINGATE, JUDGE
                          ACTION NO. 23-CI-00051


MCCOY ELKHORN COAL, LLC                                              APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

ACREE, JUDGE:  The Energy and Environment Cabinet appeals from a Franklin

Circuit Court order vacating the summary judgment in favor of the Cabinet and

entering judgment for Appellee McCoy Elkhorn Coal.  We vacate and remand.

McCoy is an Indiana limited liability company authorized to conduct business in Kentucky. It holds surface coal mining and reclamation operation Permit No. 898-4577 (the "Permit"), which allowed for the removal of underground coal, associated surface activities, and reclamation operations.

On November 13, 2019, after determining McCoy committed permit violations, the Cabinet issued a Show Cause Order directing McCoy to appear and show cause why the Permit should not be revoked. The Show Cause Order, an Administrative Summons, and an Order Scheduling the Initial Pre-Hearing Conference were served upon McCoy's registered agent, Incorp Services, Inc., by certified mail on November 27, 2019.

Fifty-six (56) days later, McCoy's counsel lodged an Answer with the office of administrative hearings. The next day, the Cabinet filed a Motion for Default, asserting McCoy failed to respond to the Show Cause Order within thirty (30) days as the regulations require.

Following several hearings, on May 25, 2021, the Hearing Officer issued a Report and Recommendation to grant the Cabinet's Motion. The Secretary adopted the Report and Recommendation and issued a Final Order dated December 29, 2022, revoking the Permit.

On January 16, 2022, McCoy brought an administrative appeal to the Franklin Circuit Court, requesting the Secretary's Final Order be vacated. The

Cabinet moved for, and the court granted, summary judgment in the Cabinet's favor based on McCoy's untimely Answer. McCoy moved to vacate the judgment pursuant to CR[1] 56 and the court granted the motion.

The court said, as grounds for vacating, that "a more thorough review of the record reveal[ed], at least, a verbal request of an extension of time," but it did not cite any authority for finding a "verbal request" sufficient to support an extension of time pursuant to 400 KAR[2] 1:090, Section 4(2)(a).

The Cabinet now appeals the court's order vacating its summary judgment. Additional facts will be set forth as necessary.

The Cabinet notes that neither the circuit court nor McCoy directs us to any evidence in the record that McCoy made any verbal request for an extension of time, nor does either say when that request was expressed. We will not scour the record to find the answers. *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019). However, we will assume such facts to facilitate our review of the Cabinet's argument that a verbal request fails to conform with regulations governing extensions of time, either for cause shown or for excusable neglect.

McCoy describes its pursuit of an extension of time as a "verbal request." However, the applicable regulation is quite clear that such a pursuit must

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Administrative Regulations.

be by means of a motion. 400 KAR 1:090 Section 4(2)(a) (emphasis added) ("A *motion* for an extension of time shall be filed within the time allowed for filing the pleading . . . [or] after the expiration of the time allowed . . . .").

A separate section of the same regulation, Section 12, governs "Motion Practice," and says:

> A request for relief [including enlargement of time under Section 4(2)(a)] . . . shall be in the form of a motion and shall indicate in the caption the nature of the motion . . . shall state precisely the relief requested, and include a citation to the record, the administrative regulations, or the law as appropriate . . . [and] shall comply with the provisions of this section. Failure to comply with this section may be grounds for denying the motion.

400 KAR 1:090 Section 12(1)(a)–(c).

Additionally, a supporting memorandum must accompany the motion. *Id.* at Section 12(2)(a). The Hearing Officer "may find or recommend entry of an order against a party failing to file a supporting memorandum in support of a motion . . . ." *Id.* at Section 12(5).

Finally, the motion must be accompanied by a proposed order. *Id.* at Section 12(6)(a) ("A party who files a motion . . . shall simultaneously tender a proposed order granting the requested relief . . . ."). If it is not so accompanied, it cannot even be lodged in the record. *Id.* at Section 12(6)(b) ("The office shall not accept for filing a motion . . . unless accompanied by a tendered proposed order.").

Importantly, "[a] motion for an extension of time *shall be filed . . . .*" 400 KAR 1:090 Section 4(2)(a) (emphasis added). Clearly, our jurisprudence holds that a "verbal request" will not suffice when "filing" is required. Long ago our Court reaffirmed our roundly accepted and applied definition of "file."

> [T]he word "file" and its derivatives, as used in our statutes, has acquired a particular and well-settled meaning in the law. As early as 1927, the former court of appeals quoted with approval the following definition: "File means to deliver to the office indicated. . . . *Carter Guaranty Co. v. Cumberland & Manchester R. Co.*, 219 Ky. 207, 292 S.W. 812, 813 (1927), quoting Caldwell's *Kentucky Judicial Dictionary*, Volume 5, p. 1156. The court went further, quoting from a recognized treatise, and discussed the origin of the word "file" and reaffirmed the accepted modern rule of statutory construction pertaining to its use, as follows:
>
>> "The word 'file' is derived from the Latin 'filum,' signifying a thread, and its present application is evidently drawn from the ancient practice of placing papers on a thread or wire for safe-keeping. The origin of the term clearly indicates that the filing of a paper can only be effected by bringing it to the notice of the officer who anciently put it on the thread or wire. . . . [A] paper whose filing carries notice, or affects private rights, is filed only when deposited with the proper officer at his office for this especial purpose."

*Revenue Cabinet v. JRS Data Systems, Inc.*, 738 S.W.2d 828, 829–30 (Ky. App. 1987) (quoting *Carter*, *supra*, at 813). *See also File*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("1. To deliver a legal document to the court clerk or record custodian for placement into the official record . . . .").

Not even McCoy can doubt his failure to comply with the Cabinet's regulations governing motion practice and, in particular, motion practice relative to extensions of time. When McCoy's counsel filed exceptions to the Hearing Officer's finding that McCoy filed no motion to extend time, he acknowledged:

> The Respondent [McCoy] never filed a Motion for Leave to File Late Answer because the Cabinet never sought to strike the Respondent's Answer due to untimeliness. Had the Cabinet sought to strike the Respondent's Answer, the Respondent would have at that time moved for leave to file a late Answer.

Resp't's Exceptions to Hearing Officer's R. & R. ¶5. That is not a good argument.

We know of no necessary predicate to McCoy's filing of a motion to extend time such as McCoy implies. In fact, McCoy's Answer, being untimely, may have been lodged in the record but it was not filed, so nothing needed to be stricken. *See File*, BLACK'S, *supra* ("A document not suitable for filing will normally be stamped 'lodged' and placed in the court file but not included in the record[.]"). We also do not know why the Cabinet's immediate filing of a default motion was not a prompt as equally motivating as a motion to strike, or more so.

The Cabinet owed no duty under the regulations to respond to McCoy's untimely Answer to file a motion to strike, but the Hearing Officer did. "Proceeding[s] for the Suspension or Revocation of a Permit Pursuant to KRS Chapter 350[,]" the type of proceeding under review, is governed by 400 KAR 1:110 Section 10. That Section imposes upon the Hearing Officer a specific duty

-6-

that arises "[i]f the permittee fails to timely file an answer[,]" as in this case. 400 KAR 1:110 Section 10(5). That regulatory duty states that "the hearing officer *shall* recommend to the secretary the entry of a final order containing the following:

> (a)  That each violation listed in the show cause order occurred;
>
> (b)  That the violations were caused by the permittee's unwarranted failure or were willfully caused;
>
> (c)  That a pattern of violations exists; and
>
> (d)  That the permit shall be suspended or revoked in accordance with the recommendation contained in the show cause order.

*Id.* at Section 10(5)(a)–(d) (emphasis added). The Hearing Officer complied with that duty.

McCoy seeks to salvage its failure of regulatory compliance by noting conferences were held during which the Hearing Officer indulged a McCoy representative, Greg Jenson, in presenting an explanation why the Answer was untimely. However, the scope of those conferences never included consideration of any motion that would have made Jenson's testimony relevant because no such motion ever was filed.

The circuit court erred by presuming a "verbal request" was the legal equivalent of a motion pursuant to the regulatory scheme for seeking an extension

-7-

of time to file an Answer.  As the Hearing Officer noted, McCoy's representative, Mr. Jenson, demonstrated in a prior case before the Cabinet that he knew how to comply even without a lawyer.[3]  He did not repeat that success from the prior case.

We vacate the circuit court's order vacating the original summary judgment and remand with instructions to reinstate the summary judgment in favor of the Cabinet.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Lee S. Archer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Billy R. Shelton
Lexington, Kentucky

---

[3] The Hearing Officer's Report and Recommendation included the following passage:

> Mr. Jenson . . . testified that he had trouble finding counsel to represent McCoy in this matter and filing an answer in thirty days.  He admitted that an answer was not filed within thirty days . . . [and that] he knew he needed to file a [timely] response . . . .  He did this in the matter EEC v Dean Mining, File Number AEA 19-2-0017.  In that case, he was served with the Show Cause order on May 1, 2019, and he filed a document by May 31, 2019, requesting a hearing.  The Hearing Officer in that matter allowed him to supplement his response that he filed on May 31, 2020, to contain all the provisions required in an answer under 400 KAR 1:110.

R. & R. p. 6.