## BEAUCHAMP v. COMMONWEALTH ex rel. KENTUCKY BOARD OF VETERINARY EXAMINERS.

Court of Appeals of Kentucky.
Nov. 2, 1951.
Rehearing Denied Dec. 21, 1951.

Tilford & Wetherby, Marvin J. Fisher, all of Louisville, for appellant.

Lawrence G. Duncan, Cyril C. Sehlinger, Louisville, for appellees.

CULLEN, Commissioner.

The Kentucky Board of Veterinary Examiners brought an action against Ernest Beauchamp, alleging that he was practicing veterinary medicine without a license, and seeking to enjoin him from continuing to practice or hold himself out as a veterinarian. Beauchamp filed an answer and counterclaim. In his answer he admitted that he was practicing without a license, but in his counterclaim he alleged that he had practiced for more than one year prior to March 24, 1916, and had duly made application for a license prior to June 30, 1948, and therefore was entitled to a license by virtue of KRS 321.210(2). He prayed that the board be directed to issue him a license.

A demurrer to the answer and counterclaim was overruled, and proof was taken on the issues raised by the counterclaim.

The trial court held that the proof was not sufficient to establish that Beauchamp had practiced as a veterinarian for more than one year prior to March 24, 1916, and not sufficient to establish that he had complied with KRS 321.210(2). Judgment was entered enjoining Beauchamp from practicing, and he appeals.

The only question before us is whether the findings of fact by the chancellor, upon the evidence produced, were correct.

With respect to the question of whether Beauchamp had practiced as a veterinarian for a period of one year prior to March 24, 1916, Beauchamp testified that in 1913 he was employed by the Harthill brothers, who were well known veterinarians of Louisville. When he was first employed his services were in the nature of those of a handyman or a hostler, but he was gradually given more responsibility and by 1915 he was treating dogs and horses under

the supervision of the Harthill brothers, performing such services as dressing wounds, assisting in operations, administering medicine, and applying bandages. The reasonable purport of Beauchamp's testimony is that he commenced work for the Harthill brothers in the capacity of an apprentice veterinarian, and by 1915 he was performing services as a veterinarian in the employ of Harthill brothers.

Dr. William H. Jackson, a medical doctor, testified that in 1913 his dog was treated for fits by Beauchamp and that beginning in 1913, and for many years thereafter, Beauchamp had treated and looked after all the animals in the neighborhood of his home. Dr. Jackson said that in his opinion as a physician Beauchamp was competent and qualified to do veterinary work, his opinion being based on the results achieved. He testified positively of other persons taking their dogs to Beauchamp for treatment, as early as 1913.

Fred C. Rudtloff testified that in 1913 he took a dog to Beauchamp for treatment for spasms, and that Beauchamp succeeded in curing the dog. He said that to his knowledge Beauchamp was treating other dogs and animals at that time.

Clarke Otte, a well known attorney in Louisville, testified that he became acquainted with Beauchamp in 1914 or 1915, and that he had occasion to observe Beauchamp's work while in the employ of the Harthill brothers. Otte said that Beauchamp "did the work of a veterinary surgeon." It appears that Otte was a dog fancier and on several occasions Beauchamp treated dogs owned by Otte.

There was testimony by a number of witnesses concerning Beauchamp's activities as a veterinarian during the years subsequent to 1916, and his competency as a practitioner. This evidence is corroborative of the other testimony regarding his activities and practices prior to 1916.

Dr. Loyd Kearns, testifying for the Board of Veterinary Examiners, said that he came to Louisville in 1919 and was not acquainted with Beauchamp prior to that time, but that he visited the veterinary hospital operated by the Harthill brothers "a couple of times" in 1920, and on those occasions he did not observe Beauchamp performing any veterinary services. Dr. Kearns further testified that he and Beauchamp were both employed by Drs. Miller and Colldemeier during a period of two or three years subsequent to 1920, and during that time Beauchamp performed only the services of a kennel man and did not diagnose or treat any animals.

Dr. Edward M. Lang, Jr., also testifying on behalf of the board, said that on several occasions he had gone with his father to the place of the Harthill brothers, and on those occasions the services Beauchamp was performing consisted only of feeding and cleaning the horses and dogs.

Summarizing the evidence, we have on the one hand affirmative and positive testimony that Beauchamp was performing the services of a veterinarian as early as 1913, and was holding himself out in the immediate community as a veterinarian. On the other hand we have the negative testimony of two witnesses to the effect that they never observed Beauchamp performing any veterinary services.

It must be remembered that veterinarians were not required to be licensed in Kentucky prior to 1916, and therefore there was less formality associated with engaging in the practice in those days than at the present time.

Upon a full consideration, and giving due weight to the opinion of the chancellor, we entertain more than a doubt as to the correctness of the finding of the chancellor. It is our opinion that the evidence requires a finding that Beauchamp was practicing as a veterinarian for more than a year prior to March 24, 1916.

With respect to the question of whether Beauchamp made due application for a license prior to June 30, 1948, Marvin J. Fisher, a Louisville attorney, testified that on May 24, 1948 he wrote the following letter addressed to the Board of Veterinary Examiners at Frankfort.

"Gentlemen:

"In compliance with the Kentucky Revised Statutes, I wish for my client, Mr. Ernest Beauchamp, through the medium of

this letter, to make application to the board for a license to practice veterinary medicine in the state of Kentucky.

"Dr. Ernest Beauchamp is a resident of Louisville, Kentucky, 653 South 22nd Street, and has been practicing as a doctor of veterinary medicine for more than one year prior to 1916.

"We, therefore, earnestly hope that you will consider the above named and will issue to him said license as is necessary for him to continue said practice of medicine.

Very truly yours,

/s/ Marvin J. Fisher"

Mr. Fisher's secretary testified that she mailed the letter.

The evidence on behalf of the Board of Veterinary Examiners was that, Dr. Arthur Kay was secretary of the board at the time the letter is alleged to have been written, and that mail addressed to the board would have been delivered to him. Dr. Kay later died, and a diligent search of his records and files did not disclose the letter in question. Two members of the board testified that in the normal course of procedure any such letter would have been brought to the attention of the board at the next regular meeting after being received, and the minutes of the meeting following May 24, 1948, contain no reference to an application by Beauchamp.

 The particular negative testimony in this case as to nonreceipt of the letter can not be considered sufficient to overcome the presumption of receipt arising from the positive testimony as to mailing. Meyers v. Brown-Forman Distillery Company, 289 Ky. 185, 158 S.W.2d 407.

Some contention is made that the letter of application did not comply with the statute because the license fee of $25 was not forwarded with the letter. It is our opinion that the mailing of the letter of application within the time required was a sufficient compliance with the statute, and that if the board considered the payment of the fee to be a necessary part of the application, it would have been the duty of the board to so notify the applicant.

Upon the evidence, Beauchamp was entitled to have a license issued to him.

The judgment is reversed, with directions to set it aside and to enter a judgment ordering and directing the Board of Veterinary Examiners to issue to Ernest Beauchamp a license to practice veterinary medicine, upon his paying to the board the required fee of $25.