**BOARD OF EDUCATION OF PULASKI COUNTY, Kentucky, Appellant,**

v.

**Garvis BURKETT, Appellee.**

Court of Appeals of Kentucky.

May 23, 1975.

John T. Mandt, Somerset, for appellant.

Arthur L. Brooks, Lexington, Lester H. Burns, Jr., Somerset, for appellee.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Pulaski Circuit Court which determines that KRS 161.790(3) and (4) violate the 14th Amendment of the Constitution of the United States. We reverse and remand.

The rationale of the judgment is that a "tenured teacher" who is removed in the manner provided there is deprived of property interests and contract rights without procedural due process, because the school board is cast into and occupies the roles of employer, investigator, accuser, prosecutor, jury and judge, and this combination of roles is inconsistent with traditional concepts of fundamental fairness.

A unanimous Supreme Court of the United States rejected this exercise in intellectual sophistry when it decided Withrow v. Larkin, —— U.S. ——, 95 S.Ct. 1456, 43 L.Ed.2d 712, (decided April 16, 1975). It would serve no useful purpose to restate the principles enunciated there. Suffice it to say they sustain the validity of KRS 161.790(3) and (4).

The process of judicial review provided by KRS 161.790(6) and the form of hearing mandated by our decision in Osborne v. Bullitt County Board of Education, Ky., 415 S.W.2d 607 (1967) cloak a "tenured teacher" adversely affected by board action with additional and sufficient blankets of protection.

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.

All concur.