**Alice JONES, D/B/A Alice Jones Family Care Home, Appellant,**

v.

**CABINET FOR HUMAN RESOURCES, DIVISION FOR LICENSURE AND REGULATIONS, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1986.

Case Ordered Published
March 21, 1986.

Discretionary Review Denied by
Supreme Court April 22, 1986.

Sam F. Kibbey, Catlettsburg, for appellant.

John H. Walker, Cabinet for Human Resources, Frankfort, for appellee.

Before COOPER, HOWARD and LESTER, JJ.

HOWARD, Judge.

In this case, the operator of a nursing home facility appeals the circuit court's order upholding the assessment of civil penalties against her by the Cabinet for Human Resources, Division for Licensure and Regulations for the violation of agency regulations and KRS 216.557.

The appellant is the operator of a licensed family care home in Naples, Kentucky. Such long-term facilities are regulated by the Cabinet pursuant to KRS 216.-537 et seq. KRS 216.550 requires the Cabinet to develop regulations consistent with the statutory requirements stated therein. KRS 216.555 provides for the Cabinet to issue citations to the licensee of a long-term care facility for violations of these regulations. The appellant was issued two such citations on August 26, 1983.

The citations issued to the appellant were for Type "A" and for Type "B" violations as defined in KRS 216.557. A Type "A" violation is a violation of the regulations issued by the Cabinet, as prescribed by KRS 216.550 and 216.563, provisions of KRS 216.510 to 216.525 and applicable federal law, which "presents an imminent danger to any resident of any long-term care facility and creates substantial risk that death or serious mental or physical harm to a resident will occur." KRS 216.557(1). A Type "B" citation is issued for the violation of the same statutory or regulatory provisions as for a Type "A" violation "which presents a direct or immediate relationship to the health, safety or security of any resident, but which does not create an imminent danger." KRS 216.557(2). September 1, 1983, was specified in the citation as date the appellant was to correct the deficiencies.

The Cabinet on September 21, 1983, imposed civil fines on the appellant as provided for in KRS 216.560 as the violations were not corrected by date specified. The penalty for the Type "A" violation was $2000 and $500 per day from September 1, 1983, until the violation was corrected. For the Type "B" violation, the fine assessed was $200 plus $200 per day from September 19, 1983, until the date the violation was corrected. The certified letter sent by the Cabinet outlining the fines also stated that the appellant could appeal the penalty within 20 days of receipt of the notice.

On October 10, 1983, the appellant sent a letter to the Cabinet denying the validity of the citations and penalties and requesting a hearing on these matters. The Cabinet replied that under 900 KAR 2:020 Section 2(2) a licensee may only request a hearing within 20 days of receipt of the written notice of action by the Cabinet; therefore the appellant's request for hearing on the citations was not timely and was denied. The Cabinet did state, however, that a hearing on the penalty assessed would be held.

On November 7, 1983, a hearing on the penalty assessment was held. Testimony and other evidence was presented by both sides. The hearing officer ruled that considering all the evidence in view of the factors listed in KRS 216.565 to be considered in assessing a civil penalty, he upheld the assessments imposed by the Cabinet on the plaintiff. The appellant sought review in the Franklin Circuit Court, which affirmed the decision of the hearing officer.

The appellant contends the statutes which authorize the Cabinet to exercise judicial power violate the Kentucky Constitution and are void. Specifically, the appellant argues that these statutes violate Sec-

tion 109 of the Kentucky Constitution in which the judicial powers of the Commonwealth are vested solely in the courts.

In *Kentucky Commission on Human Rights v. Fraser*, Ky., 625 S.W.2d 852 (1981), the Kentucky Commission on Human Rights was authorized by statute to assess damages for embarrassment and humiliation caused by discrimination. The Court stated that:

> The mere fact that the Commission is involved in adjudication does not in itself render the statute unconstitutional as a usurpation of judicial power. The combination of statutory guidelines as to prohibited conduct, availability of a due process hearing and provisions for judicial review serve to circumscribe the agency's area of discretion within constitutional limits.... The substantial trend of authority extends administrative powers of adjudication to encompass the award of damages.

*Id.* at 854, 855. Therefore, the Court ruled the statute was constitutional.

In the instant case, guidelines describing the prohibited conduct are contained in KRS 216.557 and regulations promulgated pursuant to that statute. A hearing is provided for in KRS 216.567. A hearing before an administrative agency that has investigative, prosecutorial and adjudicative functions is not violative of due process. *Board of Education of Pulaski County v. Burkett*, Ky., 525 S.W.2d 747 (1975); *Winthrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). KRS 216.570 provides for judicial review of the hearing officer's decision. Thus, all the requirements of *Kentucky Commission on Human Rights v. Fraser, supra,* are met and the statutes in question are constitutional.

The appellant also contends that the General Assembly in KRS 216.537 *et seq.* unconstitutionally delegated powers to the Cabinet. "The general test for delegation of powers to an administrative agency in Kentucky is that of safeguards, procedural and otherwise, which prevent an abuse of discretion by the agency." *Id.* at 854. The

Court, in *Kentucky Commission on Human Rights v. Fraser*, found sufficient safeguards in the presence of agency regulations, the provision for a full due process hearing, the agency's experience in making similar determinations and the potential for judicial review.

All of the factors discussed in *Kentucky Commission on Human Rights v. Fraser* are present in the case at bar. The Cabinet did not have extensive experience in the application of these regulations because, at the time of the appellant's citation, the statutes in question had only been in effect little more than a year. However, the Cabinet did have some experience in utilizing these regulations and has for some time been regulating nursing homes. The other factors are present to a greater extent and are of more importance, in our opinion, in providing the adequate safeguards. Therefore, we find the legislature did not unconstitutionally delegate powers.

The appellant also raises issues in regard to specific citations she was issued by the Cabinet. The hearing officer did not consider any challenges to the sufficiency of the citations because the appellant did not seek an appeal until well after the twenty-day period provided for in 900 KAR 2:020 Section 2(2) and ruled that, in the absence of such appeal, these citations were final. The circuit court affirmed this ruling. We agree.

The first page of the citation clearly stated that any action of the Cabinet could be appealed within twenty days in accordance with 900 KAR 2:020. Further, we do not find a twenty-day limit to initiate an appeal is unreasonable. The same time period is provided in KRS 216.570 for an appeal of the decision of the hearing officer to the Franklin Circuit Court. The right of appeal guaranteed by Section 115 of the Kentucky Constitution can be hinged on strict adherence to procedural rules. *Foremost Insurance Company v. Shepard*, Ky., 588 S.W.2d 468 (1979). *See Brown v. Commonwealth*, Ky., 551 S.W.2d 557 (1977).

The appellant also maintains that the penalties were not supported by substantial evidence. We disagree.

The legislature has established guidelines for the Cabinet to follow in determining the amount of the initial penalty. KRS 216.565 sets out four factors to be considered by the Cabinet in assessing a penalty:

(1) The gravity of the violation including the probability that death or serious physical injury to a resident will result or has resulted; the severity of actual or potential harm, and the extent to which the provisions of the applicable statutes or regulations were violated;

(2) The reasonable diligence exercised by the licensee and efforts to correct violations;

(3) The number and type of previous violations committed by the licensee; and

(4) The amount of assessment necessary to insure immediate and continued compliance.

In an appeal of an administrative action by an agency, the circuit courts are to provide review, not reinterpretation. *Kentucky Unemployment Insurance Commission v. King*, Ky.App., 657 S.W.2d 250 (1983). Thus, when substantial evidence exists in the record to support an administrative agency's action, the circuit court has no authority to overturn it. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298 (1972). Our task is to determine whether or not the circuit court's findings upholding the Cabinet are clearly erroneous. CR 52.01.

The Type "A" citation was issued because the level of care required by the admitted residents of the appellant's facility exceeded the skill of the licensee. Three of the residents were crowded into a single room with no access to a bathroom. These residents were incontinent and wet at the time of the investigation. One of the three was completely non-ambulatory and another could only transfer to a wheelchair with great difficulty. One resident had recently fallen and suffered bruises and a swollen knee, but he had not been taken to see a physician. The facility did not maintain reports of physical examinations or medication records for any of the six residents. Other violations were listed on the citation.

The Type "B" citation was issued because the appellant's license permitted her to only house three persons of at least the third degree of consanguinity to her but there were six persons residing in the home that were not related to the appellant.

Substantial evidence was produced to demonstrate these violations occurred and in fact the appellant admitted many of these violations at the hearing. That these violations presented either imminent danger and substantial risk of harm to the residents or direct and immediate relationship to their health and safety is supported by the evidence. Thus, the gravity of the violations was serious.

The appellant nearly a month after the citation had not corrected these deficiencies and had not requested an extension of the correction date. Also, the appellant did not request any assistance from the Cabinet in correcting the violations.

The hearing officer rightfully noted that he had no authority to dismiss the penalty altogether. The appellant had no previous citations and no substantial harm had occurred as yet to the residents. But, because serious violations were committed and little or no attempts were made by the appellant to correct them, the hearing officer found that a penalty greater than the minimum but less than the maximum provided for by law was justified. We find no error in the circuit court's ruling that the penalty was supported by substantial evidence.

When the appellant brought her appeal in the circuit court, the Cabinet answered that the penalty be made due and owing and that an equitable lien be imposed to insure the payment of the assessment. The circuit court did impose such a lien on the appellant and the appellant challenges the court's authority to take such action.

A debt was bound to be owed by the appellant to the Cabinet. Although the debt was the result of a penalty assessment, we fail to perceive the difference between the appellant's debt and any other debt owed by one party to another. The appellant owned property within the Commonwealth, and an equitable lien may be impressed against property if the court, in good conscience, considering the relations of the parties, believes it is warranted. *See Back v. Back's Administrator*, 281 Ky. 282, 135 S.W.2d 911 (1940). Therefore, the circuit court had the authority to impose the lien.

This judgment is affirmed.

All concur.