JENNY WILEY HEALTH CARE CENTER, Appellant,

v.

COMMONWEALTH of Kentucky CABINET FOR HUMAN RESOURCES, Appellee.

No. 91–SC–310–DG.

Supreme Court of Kentucky.

April 9, 1992.

Maria Alagia Cull and David H. Vance, Frankfort, for appellant.

James M. Deep, Frankfort, for appellee.

STEPHENS, Chief Justice.

The sole issue in this appeal is whether the act of depositing in the mail a written request for a hearing concerning a citation issued by the Cabinet for Human Resources, pursuant to 900 KAR 2:020, Sec. 2(1), amounts to a "filing," when receipt of

658

the request by the Cabinet exceeds the twenty-day filing requirement by one day, according to 900 KAR 2:020, Sec. 2(2). The Circuit Court and Court of Appeals held that it did not. We affirm for the following reasons.

Appellant, Jenny Wiley Health Care Center (hereinafter JWHCC), is a personal care home in Paintsville, Kentucky, licensed under KRS 216.750(2). Long-term care facilities such as JWHCC are regulated by the Cabinet for Human Resources pursuant to KRS 216.510–216.593. Under KRS 216.550 the Cabinet is required to establish uniform criteria to evaluate long-term care facilities and to make annual licensure inspections to rate their compliance with minimum standards set forth in the statute and their compliance with agency regulations. In making these licensure inspections, KRS 216.555 empowers the Cabinet to issue citations for any violations of agency regulations and/or federal law or regulations. See also 900 KAR 2:020, Sec. 2(1).

The Cabinet, after an inspection on March 28, 1988, issued a citation to JWHCC for a Type "A" violation as defined in KRS 216.557(1). A Type "A" violation, according to the statute, is a violation of regulations set forth by the Cabinet, as prescribed by KRS 216.550 and 216.563; a violation of provisions found in KRS 216.-510 to 216.525; or a violation of applicable federal law or regulations, which "presents an imminent danger to any resident of a long-term care facility and creates substantial risk that death or serious mental or physical harm to a resident will occur." KRS 216.557(1). Specifically, JWHCC was cited for violation of regulation 902 KAR 20:036, 3(8)(f)1.2, because the number of staff JWHCC utilized did not adequately meet the needs of its residents based upon the number of residents, the amount and kind of personal care required, the supervision and program needed, as determined by the definitions of care and services under the cited regulation.

JWHCC, questioning the merits of the citation, mailed a written request for a hearing to the Secretary of the Cabinet for Human Resources, pursuant to 900 KAR 2:020, Sec. 2(2). This agency regulation provides that:

Within twenty days of the receipt of the written notice of action by the cabinet, the licensee of the facility may file a written request for hearing with the Secretary of the Cabinet for Human Resources. Upon receipt of the written request for hearing, the Secretary shall appoint an impartial hearing officer to hear and decide upon appealed decisions. 900 KAR 2:020, Sec. 2(2).

The Cabinet responded by filing a motion to dismiss, arguing that JWHCC's request was untimely since it had not been received within the twenty day period prescribed in 900 KAR 2:020, Sec. 2(2).

An administrative hearing on May 19, 1988 was conducted to consider the Cabinet's motion. During the hearing, counsel for both JWHCC and the Cabinet stipulated that a citation was issued and received by the facility on March 28, 1988. Without objection by counsel for JWHCC, counsel for the Cabinet further stipulated that the request for review was received by its Division of Licensure and Regulation on April 19, 1988, as evidenced by a departmental stamp. This date was one day after expiration of the time limit found in 900 KAR 2:020, Sec. 2(2), when applied in conjunction with KRS 446.030(1)(a). Since the notice of appeal was due on or before April 17, 1988, which was a Sunday, KRS 446.030(1)(a) allowed JWHCC until Monday, April 18, 1988 to file with the Cabinet Secretary for a review concerning the merits of the citation. See 900 KAR 2:020, Sec. 2(1) and (2).

The hearing officer, granting the Cabinet's motion to dismiss and setting forth his findings of fact and conclusions of law, entered a final appealable order on June 2, 1988, pursuant to 900 KAR 2:020, Sec. 2(8). In the findings of fact, which neither party subsequently contested, the hearing officer stated that "JWHCC mailed a notice of appeal to the Cabinet for Human Resources on or after April 12, 1988, within 20 days after receipt of the Type A Citation."

The hearing officer in his ruling, determined that filing a timely appeal is both

mandatory and jurisdictional. Thus he concluded that JWHCC's request was time-barred from review by the Cabinet because it was not delivered to, or filed with, the agency on or before Monday, April 18, 1988, pursuant to 900 KAR 2:020, Sec. 2(2) and KRS 446.030(1)(a). See *Revenue Cabinet v. JRS Data Systems, Inc.*, Ky.App., 738 S.W.2d 828, 830 (1987), *discretionary review denied.* Distinguishing JWHCC's case from *Beauchamp v. Commonwealth,* Ky., 243 S.W.2d 879 (1951), he further held that while "sufficient" compliance with a statutory deadline may be adequate for obtaining a veterinarian license as found in *Beauchamp, supra,* "strict" compliance is required for obtaining a hearing on an appeal of a citation. See *Jones v. Cabinet for Human Resources,* Ky.App., 710 S.W.2d 862, 865 (1986), *discretionary review denied.*

Pursuant to KRS 216.570(1) and 900 KAR 2:020, Sec. 2(9), JWHCC filed an appeal to the Franklin Circuit Court, which on April 4, 1990 affirmed the order of the hearing officer. Arguing that strict adherence to procedural rules is both mandatory and jurisdictional, the circuit court refused to consider the merits of JWHCC's complaint, citing *Jones v. Cabinet for Human Resources, supra,* and *Revenue Cabinet v. JRS Data Systems, supra.*

Thereupon JWHCC, pursuant to KRS 216.570(4), sought review of the circuit court decision with the Court of Appeals. In an opinion rendered March 8, 1991, the Court of Appeals affirmed the order of the Franklin Circuit Court finding that the Cabinet for Human Resources, according to KRS 216.567(1), was empowered to set regulations for determining the rights of parties appealing any Cabinet decision concerning ratings, citations, or penalties pursuant to KRS 216.537 to 216.590. Reasoning that while the twenty-day filing requirement may not be jurisdictional since the appeal was still within the agency, the Court of Appeals found that sections, KRS 216.537 to 216.590, plainly grant the Cabinet the authority to establish procedural rules in order to "protect the public and to provide uniformity of treatment for all parties concerned."

We granted discretionary review to JWHCC to determine whether automatic dismissal of their written request for a hearing is warranted, pursuant to 900 KAR 2:020, Sec. 2(2), when JWHCC substantially complied with the filing requirements found therein.

## SUBSTANTIAL COMPLIANCE

JWHCC must file a written request for a hearing with the Secretary of the Cabinet for Human Resources within twenty days of receiving the citation, in order to preserve review of the citation's merits, as explicitly stated in the language of 900 KAR 2:020, Sec. 2(2). While JWHCC failed to strictly comply with time requirements found within 900 KAR 2:020, Sec. 2(2), it now argues that due process concerns call for our adoption of a substantial compliance approach, where an appellant, like JWHCC, in good faith attempts to adhere to agency procedures necessary to perfect a review. Such an approach, JWHCC argues, has been taken by this Court in the interpretation of Civil Rules of Procedure, applied to notices of appeals with minor defects, so as to avoid their automatic dismissal. See *S. Drew Foxworthy and Mark Lea v. Norstam Veneers, Inc.,* Ky., 816 S.W.2d 907 (1991) which held failure to timely pay filing fee under CR 73.02(2) is not fatal to an appeal; *Crossley v. Anheuser–Busch, Inc.,* Ky., 747 S.W.2d 600 (1988) which held misfiling of a prehearing statement does not warrant dismissal of the appeal; *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986) which held dismissal of an appeal is an inappropriate remedy for failure to specify the final judgment from which an appeal is taken, so long as judgment appealed from can be ascertained within reasonable certainty from a complete review of the record on appeal and no substantial harm or prejudice has resulted to the opponent, CR 73.02(2); *Bush v. O'Daniel,* Ky., 700 S.W.2d 402 (1985) which held it is not fatal to an appeal pursuant to CR 73.02(2) when one files a notice of appeal before paying the filing fee because one is seeking to perfect a poor person's appeal.

JWHCC, in particular claims that reliance by the Franklin Circuit Court and the Court of Appeals on *Jones v. Cabinet for Human Resources, supra,* and *Revenue Cabinet v. JRS Data Systems, Inc., supra,* as requiring strict compliance in applying intra-agency appellate rules is misplaced. *Ready v. Jamison, supra,* JWHCC argues, specifically repudiates the policy of strict compliance as found in *Foremost Insurance Company v. Shepard,* Ky., 588 S.W.2d 468 (1979) and *Brown v. Commonwealth,* Ky., 551 S.W.2d 557 (1977).

The Cabinet for Human Resources, pursuant to authority granted in KRS 194.-050(1) and 216.567(1), promulgated the agency rule in question, 900 KAR 2:020, Sec. 2(2), in order to regulate appeals from any of its decisions concerning ratings, citations, or penalties under KRS 216.537 to 216.590. Though JWHCC is correct in recognizing striking similarity between the language in 900 KAR 2:020, Sec. 2(2) and the language in CR 73.02(2), it distorts our interpretation of the former statute. Thus JWHCC is in error to analogize the case at bar to *Ready v. Jamison, supra.*

We held in *Ready v. Jamison, supra,* that automatic dismissal of appeals, regardless of whether any harm or prejudice resulted to the opponent from a defect in the notice, was unwarranted when such notices were timely filed, according to the then newly amended civil rule, CR 73.02(2). In the *Ready* decision, three appeals erroneously stated that an appeal was being taken from an order of the court overruling a post-judgment motion instead of specifying that the appeal was taken from the judgment itself. We found such nonjurisdictional defects in the notice of appeal should not result in automatic dismissal, as no substantial harm resulted to the parties.

Pertinent language of CR 73.02(2), utilized in arriving at this conclusion in *Ready, supra,* provides:

"The failure of a party to file notice of appeal *within the time specified* in this rule [in CR 73.02(1)(a) ], ... shall *result in a dismissal* of the appeal ... The failure of any party to comply with *other rules* relating to appeals ... *does not affect the validity* of the appeal ... but is ground only for such action as the appellate court deems appropriate, which may include:

(a) A dismissal of the appeal or motion for discretionary review,

(b) Striking of pleadings, briefs, record or portions thereof,

(c) Imposition of fines on counsel for failing to comply with these rules of not less than $250 nor more than $500, and

(d) Such further remedies as are specified in the applicable Rule." (Emphasis added.)

*Ready, supra,* and other cases cited by appellant concerned defects that did not involve failing to timely file the appeal. These defects fall within the ambit of CR 73.02(2) language that refers to "other rules relating to appeals," rather than within the mandatory language that states, "failure of a party to file notice of appeal within the time specified in this rule ... shall result in dismissal of the appeal." *Ready, supra* at 481.

Since the filing language of 900 KAR 2:020, Sec. 2(2), essentially mirrors that found in CR 73.02(2), positing application of substantial compliance by analogy to the case at bar is misplaced. Under CR 73.-02(2) and *Ready, supra,* JWHCC's "good faith" attempt to file a notice of appeal would require an automatic dismissal.

JWHCC also errs in relying upon *Beauchamp, supra,* to support our application of substantial compliance to this case. *Beauchamp, supra,* did not involve the question of filing an appeal; rather it interpreted a statute authorizing issuance of a veterinarian's license. Thus *Beauchamp, supra,* is inapplicable in determining the application of procedural rules or regulations.

### STRICT COMPLIANCE

JWHCC concedes that the Cabinet did not receive its written request for a hearing within the time requirements of the regulation. Because we find appellant's argument urging adoption of substantial compliance when applying 900 KAR 2:020,

Sec. 2(2), unpersuasive, we hold that the hearing officer properly dismissed the request as time-barred.

Language in the regulation states that a "licensee may file," not that they may "mail" a request. To rule differently, basically rewrites the regulation. This Court in *Carter Guaranty Co. v. Cumberland & Manchester R. Co.*, 219 Ky. 207, 292 S.W. 812, 813 (1927), quoting Caldwell's KENTUCKY JUDICIAL DICTIONARY, Volume 5, p. 1156, found that "file means to deliver to the office indicated. Depositing paper in the post office at some distant place is not filing."

The Cabinet, as previously noted, was granted authority under KRS 216.567(1) to adopt regulations necessary for reviewing the issuance of its citations. The regulation in question, 900 KAR 2:020, Sec. 2(2), falls within these parameters. Thus because it was properly adopted and filed, the regulation should have the full force of law and should be enforced. *Harrison's Sanitarium, Inc. v. Department of Health*, Ky., 417 S.W.2d 137 (1967). Since it is undisputed that JWHCC's request did not arrive at the Cabinet until twenty-two days subsequent to receipt of the citation, the hearing officer, pursuant to 900 KAR 2:020, Sec. 2(2); KRS 446.030(1)(a); and *Carter Guaranty Co. v. Cumberland & Manchester R. Co., supra,* was correct in dismissing a review on the merits.

Application of substantial compliance to 900 KAR 2:020, Sec. 2(2) basically erodes its intent which is to control the flow of cases and maintain an orderly appellate process within the agency.

The former Chief Justice of this Court in a criminal appeal noted:

> Substantive rights, even of constitutional magnitude, do not transcend procedural rules, because without such rules those rights would smother in chaos and could not survive ... *Brown v. Commonwealth, supra.*

Heeding this warning we thus hold that strict compliance with regulation, 900 KAR 2:020, Sec. 2(2), must be made to perfect review of any written action taken by the Cabinet for Human Resources pursuant to 900 KAR 2:020, Sec. 2(1).

We therefore affirm the decision of the Court of Appeals which upheld the finding of the circuit court in ruling that according to 900 KAR 2:020, Sec. 2(2), the hearing officer properly dismissed JWHCC's written request for a hearing.

COMBS, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

SPAIN, J., dissents by separate dissenting opinion, LAMBERT, J., joins in this dissent.

SPAIN, Justice, dissenting.

Respectfully, I dissent. Substantial compliance should be applied to the facts in this case to prevent an unjust result. First, it is undisputed by the parties, and by the majority, that the appellant's written request for a hearing was diligently mailed in good faith from Paintsville, Kentucky, to the Cabinet for Human Resources on April 12, 1988, six days prior to the filing deadline. Since the twentieth day fell on a Sunday, the deadline was automatically extended through Monday, April 18. Incredibly, it was not date-stamped as "received" until Tuesday, April 19. How on earth could it take six days for a first-class letter to move from Paintsville to Frankfort by U.S. Mail? This kind of service would have put the Pony Express to shame, much less modern mechanized methods of delivery.

The majority claims that the agency's regulation governing a party's "request for a hearing" is jurisdictional and, thus, subject to strict compliance. I differ with this assertion because we have previously applied substantial compliance to an obvious jurisdictional defect. In *Blackburn v. Blackburn*, Ky., 810 S.W.2d 55 (1991), we stated that the naming of parties in a notice of appeal was jurisdictional, under CR 73.03, but we effectively refused to apply strict compliance to the rule in the interest of fairness. In *Blackburn*, the appellant patently violated CR 73.03 in his filing of the notice of appeal when he limited the names of the appellants to a smaller number than those listed in the heading of the

case and in the preamble statement of the notice of appeal.

Moreover, flexibility should be allowed by this Court in our interpretation of administrative agency filing rules. Agencies promulgate rules and procedures which commonly are subject to different interpretations. Also, an agency often acts in a quasi-judicial function and its decisions adversely affect property and liberty rights protected by the federal and state constitution. Thus, rigid rules of construction when interpreting agency filing deadlines should be avoided.

Finally, the result advanced by the majority is impractical. The appellant, under the majority's interpretation, is in fact being penalized for doing business in a city which is several hours' driving time from Frankfort, Kentucky, and which would have required the appellant's representative to spend an inordinate amount of time to hand-deliver the "request for a hearing" to the Secretary's office in Frankfort. This interpretation of the agency rule by the majority obviously gives an advantage to the attorneys located in cities within close proximity of Frankfort, Kentucky (where most agency appeals are required to be filed), as well as to the agency itself. It also ignores the common usage of the U.S. Postal Service by practicing attorneys in the mailing of various legal documents. A proper interpretation of the agency's filing rule, and one which would be equally fair and practicable for attorneys practicing in Wickliffe, Pikeville, or Frankfort, Kentucky, would be to allow the filing of the "request for a hearing" to be effective upon the posting with the United States Postal Service.

LAMBERT, J., joins in this dissent.