RENDERED:  JANUARY 8, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0110-MR

LADONNA MAY                                                        APPELLANT


v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 19-CI-00511


BOARD OF TRUSTEES OF THE
KENTUCKY RETIREMENT
SYSTEMS                                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Ladonna May (May) appeals from an opinion and order of the

Franklin Circuit Court, entered on December 20, 2019, affirming Kentucky

Retirement Systems' (KERS) denial of her application for disability benefits as

untimely.  After careful review of the briefs, record, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

The facts are not in dispute. May, by virtue of her employment, had membership in the County Employees Retirement System. Her last date of employment was April 13, 2016. On April 13, 2018, the uncontested due date, May, through counsel, tendered to United Parcel Service (UPS) her application for disability retirement benefits. Her application was received and filed by KERS on April 16, 2018.

Thereafter, KERS notified May that her application was untimely by three days. May objected, arguing the act of depositing the application with UPS on the due date constituted timely filing. An administrative hearing was held on the issue, and thereafter, the hearing officer recommended an order finding that May's application was untimely. KERS adopted the recommended order with minor changes. May appealed to the Franklin Circuit Court, which affirmed, and this appeal followed.

## STANDARD OF REVIEW

An application for disability retirement benefits must be filed with the retirement office no later than twenty-four months after the applicant's last date of paid employment. KRS[1] 61.600(1)(c); 105 KAR[2] 1:210, Section 1(2)(a). As this

---

[1] Kentucky Revised Statutes.

[2] Kentucky Administrative Regulations.

appeal turns on a question of law, our review is *de novo*. *See Kentucky Ret. Sys. v. Brown*, 336 S.W.3d 8, 16 (Ky. 2011); *Roland v. Kentucky Ret. Sys.*, 52 S.W.3d 579, 582 (Ky. App. 2000).

## ANALYSIS

May argues this Court should: (1) reverse *Jenny Wiley Health Care Center v. Commonwealth of Kentucky Cabinet for Human Resources*, 828 S.W.2d 657 (Ky. 1992); and (2) deem her application timely filed pursuant to CR[3] 76.40. However, as we are bound by Kentucky Supreme Court precedent which is dispositive, we affirm.

In *Jenny Wiley*, the Supreme Court affirmed the dismissal of Appellant's request for a hearing where the request was mailed but not received within the period prescribed by regulation. 828 S.W.2d 657. In reaching its determination, the Court held that strict compliance with agency regulations was required. *Id.* at 661. May argues the validity of this holding has been eroded by tremendous changes in technology and circumstances and urges this Court to reverse it. However, this Court is without the authority to reverse a decision of the Kentucky Supreme Court. SCR[4] 1.030(8)(a). Accordingly, this claim fails.

---

[3] Kentucky Rules of Civil Procedure.

[4] Rules of the Supreme Court.

Turning to May's second argument, CR 76.40(2) provides that a document is timely filed if received by the court or if transmitted by certain types of mail within the time allowed for filing. However, CR 76.40(2) applies only to proceedings in the Supreme Court and the Court of Appeals. CR 76.01. As the deadline at issue required that May file her application with KERS, not an appellate court, CR 76.40(2) is inapplicable. While May argues it is unjust not to apply CR 76.40(2) where other agencies have adopted similar rules, the fact KERS has chosen not to do so is not a legal basis upon which to grant relief. As May concedes, her application was not received by KERS by the due date, as required by a plain reading of the applicable statute and regulation. It was, therefore, untimely, and this claim fails.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Franklin Circuit Court upholding the denial of May's application for disability benefits is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Randy G. Clark
Lexington, Kentucky

BRIEF FOR APPELLEE:

Carrie B. Slayton
Frankfort, Kentucky