RENDERED: MARCH 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1538-MR

THOMAS RANDOLPH                                                                      APPELLANT

|       | APPEAL FROM BOURBON CIRCUIT COURT |
| ----- | --------------------------------- |
| v.    | HONORABLE KATHRYN H. GABHART, JUDGE |
|       | ACTION NO. 23-CI-00160            |

COMMONWEALTH OF KENTUCKY,                                        APPELLEE
KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND L. JONES, JUDGES.

JONES, A., JUDGE: Thomas Randolph appeals the Bourbon Circuit Court's

order affirming an order of the Commonwealth of Kentucky, Kentucky

Unemployment Insurance Commission ("Commission"). The sole issue before us

is whether Randolph's administrative appeal, filed pursuant to KRS[1] 341.420, from

---

[1] Kentucky Revised Statutes.

the Commission's November 18, 2022 determination of benefits, was timely. Following careful review of the record and all applicable law, we affirm.

## I. BACKGROUND

The relevant facts are not complex and are largely undisputed.

Randolph filed a claim with the Commission seeking Pandemic Unemployment Assistance benefits for the week of April 11, 2021, through April 17, 2021. On November 18, 2022, the Commission mailed Randolph a determination denying his claim. The determination informed Randolph that he had the right to appeal to the Unemployment Insurance Appeals Branch within thirty days of the mailing date. To comply with that deadline, the appeal was required to be either postmarked or received by December 19, 2022. The determination further advised Randolph that he could submit his appeal by one of three methods: (1) by mail addressed to Appeals Branch, 500 Mero Street, 4-SC, Frankfort, Kentucky 40601; (2) by email to UIappeals@ky.gov; or (3) by fax to 502-564-7850.[2]

---

[2] Specifically, the Notice of Determination informed Randolph of his appeal rights as follows:

> If you disagree with the Determination, you may file an appeal to the Unemployment Insurance Appeals Branch by following the instructions below.
>
> 1. The appeal must be in writing and clearly indicate the party's intention to appeal. KRS 341.420(2) and 787 KAR [Kentucky Administrative Regulation] 1:110 § 1(a).

Sometime prior to December 20, 2022, Randolph mailed a written appeal. However, according to Randolph, he addressed the envelope to "500 Metro Street" rather than "500 Mero Street." Although Randolph was unable to produce the envelope at the administrative hearing, he testified that it was returned to him as undeliverable on December 20, 2022. On December 21, 2022, Randolph

2. The appeal document should include the Claimant's Name, the last 4 digits of their Social Security Number or their Claimant Reference Number, and Contact Information.

3. The appeal may be submitted by U.S. Mail to: Appeals Branch, 500 Mero Street 4-SC, Frankfort, KY 40601, by email at UIappeals@ky.gov or by FAX to 502-564-7850. If you are the claimant you may submit your appeal through document upload on your UI account home page [at] www.kewes.ky.gov.

4. The written appeal must be received or postmarked within 30 days after the date of mailing of this determination.

5. If the due date of the appeal falls on a day that the office or post office is closed, the next day the office or post office is open shall be considered the due date. 787 KAR 1:230 § 3.

6. The written appeal must be received or postmarked by 12/19/2022.

7. Private postage meters shall not be used to determine postmark date. 787 KAR 1:230 § 1(2).

8. Further information regarding your appeal rights and the appellate process may be found at kcc.ky.gov or you may contact the Unemployment Insurance Appeals Branch at 502-564-3925. ATTENTION CLAIMANT: CONTINUE TO CLAIM BENEFITS WHILE YOUR CLAIM IS UNDER APPEAL. IF THE DECISION IS IN YOUR FAVOR, BENEFITS MAY BE PAID ONLY FOR THE WEEKS PROPERLY CLAIMED.

hand-delivered his appeal to the Commission and also transmitted it by email and mail.

A referee initially concluded that the appeal was untimely. Randolph appealed that determination to the Commission. The Commission remanded the matter for an evidentiary hearing on the issue of timeliness. Following that hearing, the referee again concluded the appeal was untimely. Randolph appealed once more to the Commission, which affirmed the dismissal.[3]

Randolph then sought judicial review in the Bourbon Circuit Court pursuant to KRS 341.450. The parties agreed that the material facts were not in dispute and submitted the matter to the circuit court on briefs. On November 15, 2024, the circuit court entered an opinion and order affirming the Commission's decision.

This appeal followed.

## II. STANDARD OF REVIEW

"Judicial review of a decision of the Kentucky Unemployment Insurance Commission is governed by the general rule applicable to administrative actions. 'If the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined

---

[3] We note that the referee found the appeal was received on December 22, 2022. The Commission rejected that finding and instead determined that the appeal was received on December 21, 2022. The one-day discrepancy is not material to the disposition of this appeal.

whether or not the administrative agency has applied the correct rule of law to the facts so found.'" *Southern Bell Tel. & Tel. Co. v. Kentucky Unemployment Ins. Comm'n*, 437 S.W.2d 775, 778 (Ky. 1969) (citing *Brown Hotel Co. v. Edwards*, 365 S.W.2d 299 (Ky. 1962)). Substantial evidence is evidence which has sufficient probative value to induce conviction in the minds of reasonable people. *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972). If there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record. *Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 856 (Ky. 1981). An agency's findings are clearly erroneous if arbitrary or unsupported by substantial evidence in the record. *Id.* If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 245–46 (Ky. 2012).

### III. ANALYSIS

Randolph argues that his appeal should be deemed timely under the doctrine of substantial compliance. He maintains that but for the inclusion of an extra "t" in the street name—addressing his envelope to "500 Metro Street" rather than "500 Mero Street"—his appeal would have been timely filed. The

Commission responds that timeliness is a matter of strict compliance. We agree with the Commission.

As a general rule, there is no automatic right to appeal an administrative determination. *Kenton Cnty. Bd. of Adjustment v. Meitzen*, 607 S.W.3d 586, 593 (Ky. 2020). Rather, the right to appeal from an administrative decision is one of legislative grace and exists only to the extent and in the manner prescribed by statute. *Nickell v. Diversicare Mgmt. Servs.*, 336 S.W.3d 454, 456 (Ky. 2011); *Ky. Unemployment Ins. Comm'n v. Carter*, 689 S.W.2d 360, 361 (Ky. 1985) ("[W]e find no authority before the court to authorize the doctrine of substantial compliance in a case where the appeal process is statutorily created and implemented."). Administrative agencies are creatures of statute and possess only the authority conferred upon them by the General Assembly. They lack inherent power to disregard statutory deadlines, and properly promulgated regulations carry the full force of law. *Grimes v. Ky. Unemployment Ins. Comm'n*, 340 S.W.3d 104, 106 (Ky. App. 2011) ("When a mechanism for appeal is provided by statute, strict adherence to its procedure is required."); *Jenny Wiley Health Care Ctr. v. Commonwealth*, 828 S.W.2d 657, 661 (Ky. 1992). Accordingly, where the legislature establishes specific procedural requirements for invoking administrative review, those requirements must be strictly followed.

KRS 341.420(2) permits a claimant to appeal a determination within thirty days of the mailing of the decision. *See also* 787 KAR 1:110 § 2(1)(a). In this case, the deadline was December 19, 2022. Because the right to appeal is statutorily created, compliance with the statutory time limit is mandatory. Accordingly, the timeliness requirement in KRS 341.420 must be strictly applied. Simply put, the doctrine of substantial compliance does not apply in the administrative appeals process.

Even if we were to assume that substantial compliance principles apply in some administrative contexts, they do not operate to extend a statutory deadline for filing an appeal. Randolph relies on *Ready v. Jamison*, 705 S.W.2d 479 (Ky. 1986), where the Supreme Court adopted a rule of substantial compliance in appellate practice. However, our Supreme Court has explicitly carved out untimely appeals from that doctrine. "Excepting for tardy appeals and the naming of indispensable parties, we follow a rule of substantial compliance." *Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky. 1994). There is no substantial compliance rule with respect to the timely filing of a notice of appeal, and that rule applies "even when the appealing party makes a good faith effort to file[.]" *Cabinet for Health and Fam. Servs.* v. *D.W.*, 680 S.W.3d 856, 860 (Ky. 2023) (quoting *Cabinet for Health and Fam. Servs. v. H.C.*, 581 S.W.3d 580, 583 (Ky. 2019)).

The same principle has been applied in administrative settings. *See Workers' Compensation Bd. v. Siler*, 840 S.W.2d 812, 813 (Ky. 1992); *Jenny Wiley Health Care Ctr.*, 828 S.W.2d 657. In each instance, the Supreme Court rejected reliance on *Ready* where the defect involved untimeliness. Thus, even under ordinary appellate jurisprudence, substantial compliance cannot save a tardy appeal.

Pursuant to the applicable statute and regulations, an appeal is considered timely if it is either received by the deadline or postmarked by that date. The postmark rule necessarily contemplates that the appeal bearing the timely postmark is the same appeal actually received by the Appeals Branch. That is the only mechanism by which the agency can verify the mailing date.

Here, Randolph's initial mailing was misaddressed and returned as undeliverable. It was never received by the Appeals Branch. Because that mailing did not result in delivery, there was no envelope before the agency from which a timely postmark could be verified. The appeal ultimately received by the Commission was transmitted after the December 19 deadline. Subsequent filings cannot "relate back" to an unsuccessful and undelivered mailing. Each filing must independently satisfy the statutory requirements.

While Randolph's addressing error was minor, the statute does not permit equitable enlargement of the filing period. The first attempted appeal was

ineffective. The appeal actually received was untimely. Because strict compliance with the statutory deadline is required, the circuit court correctly affirmed the Commission decision that Randolph's appeal was untimely.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the Bourbon Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

William H.B. Rich           Bernadette Leveridge
Paris, Kentucky            Frankfort, Kentucky